Bouldin, J.,
delivered the opinion of the court.
The first error assigned in this case is, that the court, after setting aside the verdict of the jury and awarding-the prisoner a new trial, should not have again put him on his trial at the same term of the court.
It is not pretended that there is any law requiring, or even authorizing, a continuance of the case, under such circumstances, until the next term of the court, if in the opinion of the court it may be convenient or expedient to try the case at the same term. On the contrary, by the policy of our laws, by which criminal cases are always deemed privileged, and by the provisions of the tenth section of the bill of rights, which guarantees to the accused a speedy trial by jury, it would seem manifest that the court is not only authorized, but that it is its duty to proceed with the trial at the same term, if justified by the state of the docket; and of this the court is the proper and only judge. "We are of opinion, therefore, that there was no error in setting down the case for trial at the same term.
The second error assigned is, the refusal of the court to grant the accused a continuance of the cause.
This was asked on two grounds:
The first ground was, that it was unusual to hurry the accused into trial at the term of the court at which there had already been a trial of I1Í3 cause. This is *609 substantially the question already disposed of under the first assignment of error. There being not even a suggestion that any witness was absent, or that by delay any additional testimony on behalf of the accused could be produced, we think that the reason assigned was no ground for a continuance.
The next ground was, that the accused had called for a copy of the indictment against him and a list of the jurors summoned to try him, which he did not receive until he was set to the bar on the day of the commencement of his trial. We think there was no error in refusing to grant a continuance for this reason. It is certainly true that the law entitles the accused to a copy of the indictment and a list of the persons summoned as jurors to try him, but it prescribes no time in which this shall be furnished. It was in fact furnished in this case before his trial commenced. He needed no time to understand the indictment, for he had already, and at the same term, been tried on that indictment. The list of jurors was placed in his hands before the trial commenced, and the court doubtless did allow him, or if asked would have allowed him, a reasonable time to examine it. Whether that reasonable time should have been one day or less is a question not before us, because no such motion was made to the court below. The motion was, not for this reasonable delay to examine the list, but for a continuance of the cause until the next term; and this court is of opinion that the motion was properly overruled.
The next assignment of error is, to the refusal of the court below to quash the venire facias issued in the cause, and the return thereon.
The first reason assigned for quashing the venire facias is, that it was defective and not issued in accordance with *610 the statute. That in this case, in which jurors were wanted from beyond the limits of the corporation, and beyond the ordinary jurisdiction of the court, they should have been brought or summoned not by venire facias but by order of the court; and to sustain this objection reference is made to Sess. Acts 1871-’2, p. 84, § 10. That act provides that “in a criminal case in any court, if qualified jurors not exempt from serving'cannot be conveniently found in the county or corporation in which the trial is to be,-the court may cause so many as may be necessary of such jurors to be summoned from any other county or corporation by the sheriff or sergeant thereof, or by its own officer.” It will be seen that nothing is said in the act about the form of process by and under which the jurors aforesaid shall be summoned — ■ whether by venire facias or a simple summons. All that the act requires is, that the judge shall cause them, to be .summoned; leaving it to his discretion entirely how they are to be summoned.
In this case the court entered a formal order in the cause, directing the clerk to issue a venire facias, requiring the sergeant of the corporation to summon from, the body of the county of Pittsylvania twenty-four lawfully qualified jurors, &e., &c.; and under this order the clerk issued the very process ordered by the court. The statute required the court to cause the jurors to be summoned. The court did cause them to be summoned by venire facias, and they obeyed the summons. Ve can see no violation of law in this pi’oceeding. On the contrary, the object of the law is fully and in terms accomplished by it. The fact that the clerk may, and indeed must, without formal order of court, issue writs of venire facias within bis county or corporation in proper cases, certainly cannot have the effect of rendering illegal such a writ *611 when issued by the clerk to another county or. corporation, under the direct authority and express order of the •court, in a proper case for such order.
This court is of opinion that there was no error in the refusal of the court below to quash the venire faeias for the reason stated.
Hor did that court err in refusing to quash the return and writ for the reason secondly assigned, viz: that the judge had not given his consent in writing to the appointment of the deputy who executed and returned the writ.
That deputy appeared before the judge of the court •during the recess of the court, and took the oath of office, which was in writing, was subscribed by the deputy, and was certified in writing by the judge himself. This was regarded by the judge as a sufficient consent in writing on his part to the appointment of the •deputy; and this court concurs in that opinion.
The fourth assignment of error is, that “ the court erred in not sustaining the prisoner’s challenge to the array of jurors,” for reasons set forth in his fourth bill of exceptions.
The first and second reasons assigned in this bill, of exceptions have been already disposed of in considering the third assignment of error.
The third reason assigned presents greater difficulty and deserves a more serious consideration. It is that the Corporation court of Danville has’no power to summon a jury from beyond the limits of the corporation in a criminal prosecution. The power in a criminal case to summon a jury from beyond the limits of the county or corporation is confined, it is contended, by the amended act of February 11th 1873, Sess. Acts ’72-3, chap. 97, p. 80, to the Circuit courts alone. The power referred to prior to that amended act had been conferred on “any court” in a criminal case, and thus clearly embraced Corpora *612 tion courts. It is true that the tenth section of the Code of 1860, which conferred the power, as amended by the act aforesaid of February 11, 1873, strikes out the words “ any court,” and refers in terms only to “ Circuit courts;” but it does not follow as a necessary consequence that such power can only be exercised by those courts. The power and jurisdiction of Corporation courts generally, as at present organized, are nowhere prescribed and defined in detail by separate express legislation. The jurisdiction of these courts has been generally conferred, both in the Constitution of the State and in the Acts of Assembly under that Constitution, by reference to the jurisdiction of other courts, and chiefly of the Circuit courts, without stating in the grant of jurisdiction, otherwise than by reference as aforesaid, what that jurisdiction is, except in some special cases.
Thus the 14th section of the 6th article of the State Constitution provides as follows : “ For each city or town in the State containing a population of five thousand, shall be elected on the joint vote of the two houses of the general assembly, one city judge, who shall hold a Corporation or Hustings court of said city or town as often and as many days in each month as may be prescribed by law, ioith similar jurisdiction which may he given by law to the Circuit courts of this State,” &c., &c. ¥e are thus referred hy the Constitution itself to the jurisdiction “ which may be given by law to the Circuit courts of the State,” for the extent and character of jurisdiction conferred on the’Corpoi’ation courts; and it would seem from the peculiar terms of the Constitution, that it was the purpose of the framers that whatever jurisdiction might, from timerto time, be conferred on the Circuit courts, would, ipso facto ^attach to the Corporation courts.
In prescribing and defining the jurisdiction of the Corporation courts under this law, we find that the legis *613 lature has pursued the same course. By the act of April 2d, 1870, “ entitled an act to prescribe and define the jurisdiction of the County and Corporation courts of this Commonwealth, and the times and places of holding the same,” Sess. Acts 1870-71, ch. 38, § 7, p. 36, the jurisdiction of the Corporation courts is prescribed and defined as follows:
“ § 7. The'several Corporation courts shall, within their respective limits, have the same jurisdiction as the Circuit courts, and the same jurisdiction as County courts, over all offences committed within their limits: provided, that the provisions of this section shall not apply to the courts of the city of Richmond.”
And by the act of May 19th, 1870, Sess. Acts 1870-71, ch. 96, p. 117, this section was so amended as to extend the jurisdiction of Corporation courts by the addition of the following words, after the grant to those courts of the criminal jurisdiction of the County courts, viz: xt and also jurisdiction in all other cases which were cognizable by the former Husting courts of the respective cities, under the laws as they existed on the 26th day of January, eighteen hundred and seventy.”
These are the provisions under which the Corporation •courts, except that of the city of Richmond, exercise their general powers and jurisdiction; and it will be seen, .as we have already said, that their general jurisdiction is prescribed and defined, not by a separate enumeration ■of their powers and duties, but by reference to the jurisdiction of other courts. When, therefore, in a criminal case, we wish to ascertain what are the powers and •duties of a Corporation court, (other than that of the city ■of Richmond,) we are referred by the Constitution and the laws to the jurisdiction of the Circuit courts; to the powers and duties of those tribunals in such case; and "the same jurisdiction precisely is conferred on the Cor *614 poration courts. Jurisdiction is defined by both Bouvier and Burrill as follows: “ Jurisdiction is a power-constitution ally conferred upon a court, a single judge or a magistrate, to take cognizance of and decide causes according to law, and to carry their sentence into execution ;” and by the latter, in a more general sense, “power- or right to exercise authority.” The power and authority of the Circuit courts of the State in a criminal case — their-jurisdiction, extends to and embraces the power and duty of summoning, under circumstances, an impartial and duly qualified jury from beyond the limits of the county or corporation; and this being a most important and valuable safeguard to an impartial trial, as well on the-part of the prisoner as of the Commonwealth, we can see-no reason in favor of its exercise by a Circuit court, which would not apply a fortiori to the Corporation courts when exercising the grave functions of a criminal tribunal. Ve say a fortiori, because, from the necessarily contracted limits of such corporations, the necessity for the exercise of this wholesome power must more readily and frequently arise in a corporation than in counties.
As the exercise, then, of the power in question is-clearly within the jurisdiction of the Circuit courts, and the same jurisdiction is conferred on the Corporation courts; as both courts have in such cases the same power and authority, we do not regard it a dangerous latitude of construction to hold that this grave and important function, although conferred in terms only on the Circuit-courts, necessarily follows the jurisdiction of both courts-in the eases to which it applies. To hold otherwise would lead to strange results. In the town of Danville, as in other cities and towns of the State, thére is both a Circuit and a Hustings court, both having the same-criminal jurisdiction and bounded by the same narrow *615 territorial limits; yet, under the rule contended for, the singular anomaly would be presented of one of these courts exercising this wholesome and ° power, whilst under identically the same circumstances it is denied to the other. We would be reluctant to adopt a conclusion so unreasonable.
We are opinion, therefore, that there was no error in ordering the venire facias to the county of Pittsylvania, and that the challenge to the array of jurors for that cause was properly overruled. Por do we think that there is any legal validity in the further objection to the array of jurors, that the mandate of the writ was not obeyed by the officer who executed it; in this, that the jurors near to instead of remote from the vicinage were summoned.
The objection is not sustained in point of fact. The nearest juror to the scene of action resided about one-half of a mile beyond the corporate limits of the town of Danville. This is remote from the vicinage. In the eye of the law the entire panel was summoned from places remote from the vicinage. It was summoned from the body of the county of Pittsylvania, and beyond the limits of the corporation; and this, in law, is remote from the vicinage of the alleged crime. The word “remote,” as used in the statute, is a relative term. What would be “ remote ” from the vicinage in a small town like Danville would be near the vicinage in the country, in a sparsely settled county. In a small town of four thousand inhabitants it wrould rarely, if ever, be practicable to summon a panel from a distance of more than one-half of a mile from the scene of the crime, yet the law implies that within such corporation a qualified jury “remote” from the vicinage may be secured; and in point of fact such qualified jury was secured in this very case within the limits of the town of Danville on the first trial of the case. We are of opinion therefore that *616 the entire panel having been summoned from the body of the county of Pittsylvania, and beyond the limits of the corporation, was legally summoned.
We are further of opinion, that had one of the panel been summoned by mistake or misapprehension of the law, or otherwise, from a place near to instead of remote from the vicinage, the objection, if valid, instead of being made to the array of jurors, should have been made to the individual juror so summoned. The challenge to the array of jurors w7as therefore properly overruled.
5. The court is further of opinion that there was no error in the refusal of the court below, on the motion of the prisoner, to change the venue. The fact that a duly qualified jury was promptly and readily obtained from the county of Pittsylvania demonstrates that a change of venue was unnecessary.
6. iSfor did the court err in refusing to sustain the prisoner’s challenge of J. W. Lee because he was not a qualified voter, and therefore not a juror qualified according to law. The objection to the juror was not that he did not possess the constitutional right to vote, but that he had not been registered, so as to enable him to exercise his contitutional franchise. "We do not regard registration as one of the qualifications of a voter, but merely a convenient means of ascertaining who is entitled to vote. It is evidence only of a pre-existing right, which evidence must, under the registration acts, exist at the time of voting. It does not confer, but is merely proof of, the right. The Constitution confers and secures that right in the following terms: “Every male citizen” (not registered male citizen) “of the United States, twenty-one years old, who shall have been a resident of this State twelve months next preceding any election, shall be entitled to vote on all questions,” &c., &c., excepting only idiots and lunatics, convicts, and persons w7ho since the adoption of *617 the Constitution may have fought a duel with deadly weapons, sent or accepted a challenge to fight with such weapons, or knowingly conveyed a challenge, or or assisted in any manner in fighting a duel. In this list of exceptions non-registered persons are not included. The juror Lee was “ entitled to vote” under the terms of the Constitution; and our opinion is, that the court did not err in overruling the motion to exclude him.
The last error assigned was, that the commonwealth’s attorney was allowed by the court to make a statement to the jury before the testimony was introduced, “touching the several grades of homicide and the law in reference thereto.”
This statement was made by the permission and under the control of the court, and there is no suggestion even that the law, as actually stated to the jury, was inapplicable, or erroneously or improperly stated; and whilst the practice is unusual we cannot say, thus guarded, that it is erroneous.
On the whole case we are of opinion that there is no error in the judgment of the Corporation court, and that the same be affirmed.
Judgment arrirmed.