## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

LAWRENCE v. THE COMMONWEALTH.

FEBRUARY 25th, 1886.

1. CRIMINAL PROCEEDINGS—*House-breaking— Indictment*—Indictment in usual form for "house-breaking" is not insufficient, because it does not negative the idea that the bar room which was broken and entered adjoined any dwelling-house other than that of the owner of the bar room.

2. IDEM—*Mixed juries.*—A man of color indicted for a felony is not entitled to demand to be tried by a mixed jury. *Mitchell's Case*, 33 Gratt. 845.

3. IDEM— *Venire—Remote—Objections.*—In legal sense, all parts of adjoining county are remote from scene of crime, where it is alleged it was committed within a corporation. When one juror has been summoned from too near scene of crime, objection should be made to him, and not to the array. *Craft's Case*, 24 Gratt. 602.

4. IDEM—*New trial—Evidence certified—Case at bar.*—A case to which is applied the rule of *Bennett* v. *Hardaway*, 6 Munf. 125, requiring discardal of exceptor's parol evidence and giving of full credit to that of exceptee.

Argued at Wytheville and decided at Richmond.

Error to judgment of circuit judge of Wythe county, denying writ of error and *supersedeas* to judgment of county court of said county, rendered 22d July, 1885, against Gus Lawrence, who had been found guilty by the jury, and his term of imprisonment in the penitentiary fixed at four years, on an indictment for feloniously breaking and entering a certain bar room, the property of E. C. Deuel, not adjoining to or occupied

with the dwelling-house of said E. C. Deuel, with intent to steal, &c. To this judgment a writ of error and *supersedeas* was obtained by said Lawrence.

*W. H. Bolling,* for the plaintiff in error.

*Attorney-General R. A. Ayers,* for the Commonwealth.

HINTON, J., delivered the opinion of the court.

There is nothing in the objection to the indictment. It charges the statutory offence of house-breaking in the usual form and with legal precision; and as there is nothing in the statute which requires it, I can perceive no good reason why the indictment should in terms negative the idea that the bar room, which was broken into and entered, adjoined any dwelling-house except that of the prosecutor's. The motion to quash was, therefore, properly overruled.

The objection next urged is that the court erred in refusing the request of the prisoner to put colored men on the venire and list furnished the sheriff by the court. It is equally untenable with the one we have just considered. The prisoner was entitled to a trial by a jury of his *peers,* and not to a trial by a jury of any particular color or complexion. *Albert Mitchell's Case,* 33 Gratt. 869; *Virginia* v. *Rives,* 100 U. S. R. 338.

The third assignment of error is that the court erred in its refusal to quash the venire, because it was shown that *one* of the veniremen lived within the corporate limits of the town of Wytheville, and several others but a few miles without the town. Of course the object of the law is to have a jury obtained who reside in places remote from the place where the act is charged to have been committed. But, as this court said in *Craft's Case,* 24 Gratt. 615: "The word 'remote,' as used in

the statute, is a relative term.  · What would be remote from the vicinage in a small town like Danville would be near the vicinage in the country, in a sparsely settled county.   In a town of · four thousand inhabitants it would rarely, if ever, be practicable to summon a panel from a distance of more than one-half of a mile from the scene of the crime, yet the law implies that within such corporation a qualified jury *remote* from the vicinage may be secured; and in point of fact, such qualified jury was secured in this very case within the limits of Danville on the first trial of the case.   We are of opinion, therefore, say the court, that the entire panel, having been summoned from the body of the county of Pittsylvania, and beyond the limits of the corporation, was legally summoned.   We are further of opinion that had one of the panel been summoned by mistake or misapprehension of the law, or *otherwise*, from a place near to instead of remote from the vicinage, the objection, if valid, instead of being made to the array of jurors, should have been made to the individual juror so summoned.   The challenge to the array of jurors was therefore properly overruled."

This extract from the opinion of this court in the above cited case sufficiently answers the objection here.   In the present case all of the jurors, save one, resided at least two miles beyond the corporate limits; and as to that one, there is nothing in the record to show that he resided near to the scene of the crime.   As therefore the *venire facias* was in proper form and required the sheriff to summon persons of his county residing remote from the place where the offence was alleged to have been committed; and there is nothing in the record to show that any of the jury resided near to the scene of crime; and as the objection was not made to the single juror, who could alone have been by possibility amenable to the objection, we must hold that this assignment of error was not well taken.

The last assignment of error is to the refusal of the court to

Opinion.

set aside the verdict and grant a new trial. Upon this point we need only say that the record contains no exception to the mode in which the jury were sworn, and we must therefore presume, in absence of evidence as to the oath which was actually administered, that the jury were properly sworn. And upon the question of the sufficiency of the evidence to support the verdict, we need only say that if we discard all of the oral evidence of the exceptor, as under the settled rule of this court we are obliged to do, where, as in this case, the evidence is certified, and not the facts proved, and give full faith and credit to the evidence of the Commonwealth, that we cannot say that the verdict is plainly wrong.

The order of the judge of the circuit court refusing a writ of error is right, and the judgment of the county court of Wythe county must be affirmed.

JUDGMENT AFFIRMED.