## Staunton.

PRINCE v. COMMONWEALTH.

September 22d, 1892.

1. CRIMINAL PROCEEDINGS—*Jury.*—Where a *venire facias* was issued for a jury for the trial, during the term, of each of three felony cases, including that of the defendant, and defendant was tried by a jury composed of persons thus summoned—

HELD:

Such proceeding sufficiently complies with Code, § 4018.

2. IDEM—*Challenge.*—A juror's residing at place of alleged commission of the offense charged cannot be availed of by challenge to the array, but by objection to the individual juror.

Error to judgment of the circuit court of Wythe county, rendered March 10, 1892, affirming a judgment of the county court of that county, sentencing the prisoner, in accordance with the verdict of the jury, to nine years' confinement in the penitentiary, for maliciously shooting one Edward Galloway.

Argued at Wytheville.   Decided at Staunton.

*J. J. A. Powell,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the commonwealth.

LEWIS, P., delivered the opinion of the court.

The first assignment of error—viz., that the judgment is erroneous because there was no *venire facias* in the case—is not well taken.   It appears from the record that there were two felony cases, besides the prisoner's case, to be tried at the same term at which he was tried; that a *venire* was duly

issued for a jury in each of those cases, and that the jury that tried the prisoner was composed of persons who had thus been summoned.

The statute provides that "if more than two cases are to be tried at one term of the court, only two juries shall be summoned, unless the court or judge otherwise direct; and" that "the juries so summoned may be used for the trial of all the cases." Code, sec. 4018.

This statute, the meaning and effect of which is unmistakeable, is decisive of the point just mentioned.

The next and last error assigned is that two of the jurors resided at the place where the offense was alleged to have been committed—viz., at Rural Retreat, a station on the Norfolk and Western railroad, in Wythe county. As to this, it is enough to say that there was no objection to the individual jurors on that ground in the trial court. A similar point was overruled in *Craft's Case*, 24 Gratt. 602, on the ground that the objection, if valid at all, could have been made, not to the array of jurors, but to the individual juror only; and to the same effect is *Lawrence's Case*, 81 Va. 484.

JUDGMENT AFFIRMED.