## STATE v. ALEXANDER SLOAN.

*Certiorari—Judge's Charge—Case on Appeal—Jury—Challenge.*

1. A *certiorari* to correct a case on appeal will not be granted when it appears that the omissions complained of were not made by the Judge by any inadvertence or oversight, and there is no reason to believe that the trial Judge would amend the case if given an opportunity.

2. Where exception is taken that the trial Judge refused certain prayers for instruction, in preparing the case for this Court, the prayers for instruction, and so much of the evidence as bears upon them, should be set out in the case, and not merely a statement that the instructions asked were substantially given in the charge to the jury.

3. The right to a jury *de medietate linguæ* is not a part of the common law, and has been obtained in this State.

4. Where a negro is accused of crime, it is no cause of challenge to the array, that the special *venire* is composed entirely of whites, there being no charge of corruption or unfairness made against the sheriff.

5. It cannot be assigned as error that the trial Judge told the Solicitor how many jurors he might put to the foot of the panel, it not being shown that it caused any harm to the prisoner.

(*Ware* v. *Nesbit*, 92 N. C., 202; *State* v. *Gay*, 94 N. C., 821; *State* v. *Miller*, Ibid., 902; *State* v. *Gooch*, Ibid., 982; *State* v. *Benbow*, 2 D. & B., 196; *Capehart* v. *Stewart*, 80 N. C., 101; cited and approved).

INDICTMENT for murder, tried before *Boykin, Judge,* and a jury, at November Term, 1886, of ROWAN Superior Court.

There was a verdict of guilty, and from the judgment the prisoner appealed.

The facts appear in the opinion.

*The Attorney-General,* for the State.
No counsel for defendant.

SMITH, C. J.   The prisoner is charged with murder, and upon his trial at November Term, 1886, of the Superior Court of Rowan, before the jury, was found guilty, and sentenced to suffer death.   He appealed to this Court, and the transcript of the record was received and docketed on the 14th day of March thereafter.   On May 12th his counsel made application for a writ of *certiorari,* looking to a conviction of the case, by adding a series of instructions, six in number, set out in the petition, which were asked and refused, and exception taken thereto.

It is further stated, that the Judge, after reading them, not in the hearing of the jury, said that he thought he had charged substantially what was prayed for, and that in this he is mistaken.

It is not suggested, however, but rather the contrary is to be inferred, that the omission complained of proceeded from inadvertence, and was not considered by the presiding Judge, for it appears the instructions were not inserted in the case, because he thought their substance was embraced in his general charge, and it was unnecessary to put them in the record.

We do not approve of this method of disposing of such exceptions, since it leaves it in the breast of the Judge to determine the substantial conformity of the one to the other, beyond the form of correction, should there be error, while both those asked and those given should be sent up, so that the Court could see if the variations are material, and might be such as the prisoner was entitled to have.   But we must

assume, as the Judge himself says, that the instructions prayed were embodied in the charge, and no harm has come to the prisoner from the refusal.

Moreover, the petition is essentially deficient in not showing to this Court some sufficient reason for supposing the amendment will be made if again brought before the Judge, and an opportunity given him to do so. *Ware* v. *Nesbit,* 92 N. C., 202; *State* v. *Gay,* 94 N. C., 821; *State* v. *Miller,* Ibid., 902; *State* v. *Gooch,* Ibid., 982. Besides, the addition of the instructions as abstract propositions of law, would be unavailing, unless accompanied by the evidence in its different aspects, so that their pertinency to the facts could be seen, and this would involve the restatement of the case.

The application must be denied and the merits of the appeal considered.

The indictment is for murder, on which the prisoner was tried, found guilty, and adjudged to suffer death, at November Term, 1886, of the Superior Court of Rowan.

A special *venire* of fifty men was returned by the sheriff, among whom were no persons of color, as was the prisoner, while the victim of his crime was a white man. There were in the county colored freeholders, intelligent, of good moral character, and qualified to serve as jurors.

For this cause, and without imputing to the sheriff prejudice against, or favor for either the slain or the accused, or any improper influence prompting his action in summoning the jurors, the prisoner's counsel challenged the array, and the challenge was overruled. It seems to have been based upon the idea that the prisoner had a right to have jurors of his own color on the list from which the panel was to be formed, in analogy to the rule introduced under the statute 27 Elizabeth, by which an alien charged with felony was entitled to have a jury *de mediætate linguæ.* But this was not a principle of the common law, and never had application to this country, whose population is so largely drawn

from foreign countries. But the right of challenge for favor, whether to the array or to individual jurors, is allowed, not to enable the party to select such as he may suppose to be favorable, but to get rid of obnoxious jurors, and have the panel constructed of such as are impartial and fair minded.

Nor can the color line be recognized in the administration of criminal justice, for all are equal under the law; *State* v. *Benbow,* 2 D. & B., 196, and cases cited in the note to Battle's edition of the volume; *Capehart* v. *Stewart,* 80 N. C., 101.

In summoning jurors, the sheriff acts under a sense of official responsibility, and as was said in the case last cited, in reference to such discriminations, " the law knows no distinction among the people of the State, in their civil and political rights, and correspondent obligations, and none such should be recognized by those who are charged with its administration."

The second exception is to the answer of the Judge to an inquiry from the Solicitor, as to how many jurors the State would be permitted after challenging for cause, to stand aside, and have the cause of challenge passed on after the perusal of the panel, as tending to prejudice the prisoner's case before the jury. While this is not assignable for error, and the standing aside of jurors is mostly a matter of discretion, and we cannot see how its exercise has been prejudicial to the prisoner in the present case, in which the Judge should not have committed himself as to the number to be put aside, but reserved that discretion, and interposed when he saw the State carrying the privilege to an unwarrantable and needless extent. But it does not appear that the permission has been abused, and if it had been, we have no doubt the Court would have interfered and put a stop to it, for such abuse would have warranted a recall of the permis-

sion. We understand the course pursued in this case is not uncommon among the Judges.

We find no error in the record, and the judgment is affirmed.

No error. Affirmed.