JAMES TARRANCE, WILL SMITH, AMOS CLARK, JUDSON
　　MOORE, CHARLES ROBINSON, DAVE POWELL, MAR-
　　SHALL BOYD AND W. C. GREEN, ALIAS NEWT. GREEN,
　　PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA,
　　DEFENDANT IN ERROR.

1.　The laws of this State prescribing the qualifications of jurors,
　　and regulating the manner of selecting, summoning and em-
　　panelling them do not disqualify any person on account of
　　race, color or previous condition of servitude, nor do such
　　laws authorize any discrimination on this account by those
　　whose duty it is to enforce the regulations prescribed for
　　selecting, summoning and empanelling jurors.

2.　Defendants in criminal cases have no right to challenge an
　　array of petit jurors whose term of service will expire before
　　such defendants are to be placed upon trial.

3.　A motion to quash the panel of grand jurors because of al-
　　leged discrimination against persons of color by officers se-
　　lecting the list from which such grand jury is drawn does
　　not lie in behalf of one who has been indicted by such grand
　　jurors; the proper practice being to interpose a plea in abate-
　　ment of the indictment because of such discrimination.

4.　All objections to the competency of and to irregularities in
　　selecting, drawing and empanelling grand jurors, not ap-
　　pearing of record, must be taken advantage of by plea in
　　abatement of the indictment, and not by motion to quash it.

5.　If a motion to quash the indictment be treated as properly
　　raising the objection that persons of color were discriminated
　　against by the officers selecting the list from which the grand
　　jury finding it was drawn, the motion to be available must be
　　supported by proof of such discrimination, where such fact
　　does not appear of record, even though such motion is veri-
　　fied by the affidavit of the defendants, unless there be an
　　agreement of the State or an order of the court to the effect
　　that the verified motion be considered as evidence.

6.　An affidavit to the effect that affiant has read the contents
　　of a certain motion to quash an indictment alleging discrimi-
　　nation against persons of color by officers selecting the list
　　from which the grand jury presenting the indictment was
　　drawn, that the matters and things set up in the motion is

Tarrance et al. v. State.—Opinion of Court.

to his best knowledge, information and belief true as therein set forth, is not proof of the facts set up in the motion. The affidavit asserts no knowledge, information or belief upon the subject matter of the motion, nor does it appear therefrom that the affiant had any knowledge, information or belief whatever upon the subject.

7. Where officers charged with summoning venires for petit jurors from the body of the county discriminate against persons of color, solely on account of their color, in executing the venire, a colored person upon trial, charged with crime, may challenge the array of such petit jurors upon the ground stated when it is proposed to select jurors to try him from such special venire, but where the fact of such discrimination does not appear of record the challenge must be sustained by proof, otherwise it is properly overruled.

Writ of Error to the Circuit Court for Escambia County.

The facts of the case are stated in the opinion of the Court.

*Isaac L. Purcell* and *C. H. Alston* (with whom was *A. W Spears* on the brief), for Plaintiffs in Error.

*William B. Lamar*, Attorney-General, for the State.

CARTER, J.

At the Fall term, 1900, of the Circuit Court of Escambia county, beginning on Monday, December 3rd, plaintiffs in error were indicted for the murder of one W. B. Moore. The indictment, presented and filed December 5th, charged them with murder in the first degree, but upon a trial had at the same term they were found guilty of murder in the third degree, and from the sentences imposed sued out this writ of error.

In the oral argument of counsel for plaintiffs in error every question presented by the record and assignment of error was expressly abandoned except the specific rulings considered in this opinion. Under the practice prevailing in this court all questions not argued, or which are expressly abandoned, we are not required to consider.

After the indictment was presented and filed but before pleading thereto, on December 5th, defendants filed the following motion in the cause: And now comes the defendants, in their own proper person and by their attorneys, Purcell, Spears and Alston, and before pleading to the indictment herein, and shows unto the court here:

(1)  That they are colored men of African descent, citizens and residents of the State of Florida, and of the United States of America. That they are charged of the murder of one W. B. Moore, a white man.

(2)  That in the selection of names for jury duty by the County Commissioners of Escambia County, Florida, in and for the present year, all colored men of African descent were discriminated against by the said County Commissioners on account of their race, color, and previous condition of servitude, refused and failed to select the names of any colored men for jury duty on account of their race, color and previous condition of servitude.

(3)  That it has been the custom of the County Commissoners in and for said Escambia county, Florida, in selecting names for jury duty as required by law at their first meeting in January of each and every year to discriminate against all colored men of African descent, and refuse to select the names of any on account of their race, color and previous condition of servitude.

(4) That all colored men of African descent have been discriminated against in the selection of names for jury duty for many years, on account of their race, color and previous condition of servitude. That the sheriff and other officers of said Escambia county, Florida, whose duty it is made by law to summon jurors from bystanders, or the county at large, discriminate against all colored men of African descent and refuse to summon any on account of their race, color and previous condition of servitude.

(5) That there are in said Escambia county, Florida, as many colored citizens of African descent of sound judgment, approved integrity, fair character, and fully qualified for jury duty, and are well known to be so qualified for jury duty by the said County Commissioners, as there are white men; there are more than one thousand four hundrd colored men in said county, who are fully qualified for jury duty, of approved integrity, fair character, and sound judgment, and a large number of taxpayers.

(6) That the said County Commissioners of Escambia county, whose duty it is made by law to select the names for jury duty in said Escambia county, Florida, for each and every year, are all white men, appointed by the Governor of the State of Florida, on the recommendation of the white democratic voters of said Escambia county, Florida.

(7) That from the list so unlawfully selected by the said County Commissioners as aforesaid, on the ――― day of January, A. D. 1900, were selected or drawn the present venire, from which said venire were drawn the grand jury that found the indictment against the defendants, as also the petit jury by whom these defendants are

43 Fla. 30.

to be tried, and from which list all colored men of African descent were discriminated against by the said County Commissioners knowingly, and not one colored man was selected, simply on account of their race, color and previous condition of servitude. Therefore these defendants move to quash the venire drawn for this present term of this honorable court, also the panels of grand and petit jurors, on the following good and sufficient reasons: (1) Because the law under which the present venire for the present term was drawn is unconstitutional, in that it denies defendants an impartial jury and trial, as guaranteed by Sec. 11, Declaration of Rights, Constitution of Florida, and in that the law is special and not general in its application, referring only to a certain class of persons, known to the County Commissioners as possessing certain qualifications, while others possessing the same qualifications are excluded and therefore the law is unconstitutional under Secs. 20 and 21, Art. III, Constitution of Florida. (2) Because the County Commissioners in selecting the lists of names for jury duty for and during the present year, discriminated against all colored men of African descent, on account of their race, color and previous condition of servitude, and from said list were drawn the grand and petit jury which found the indictment against these defendants, and the petit jury which is to try them. (3) Because for many years all colored men of African descent have been discriminated against and none have been selected or drawn or summoned as grand or petit jury in this or any of the courts of this county, although there are more than one thousand four hundred colored men in said county, a large number of whom are tax-payers, and of approved integrity, fair character, sound judgment and intelligence, well known

to the County Commissioners to be such, and this dis-
crimination is based entirely on race, color and previous
condition of servitude.    (4)  By this discrimination
against colored men aforesaid these defendants are
denied the equal protection of the law, as provided and
guaranteed to them by the fourteenth amendment to the
Constitution of the United States of America.   There-
fore these defendants move to quash the venire, and the
panels of the grand and petit jurors as drawn for the pres-
ent term of this honorable court.

It appears from the record proper, as well as from
the bill of exceptions, that when this motion was filed the
indictment had been presented by the grand jury and
filed, and that the only petit jury drawn and summoned
at that time was the jury for the first week of the term
during which first week the case would not be for trial,
and that in fact the case was not tried during said first
week.

The State on December 6th, filed its motion to strike
the motion of defendants above mentioned as follows:
Now comes the State, by its attorney, and moves the court
to strike the motion to quash the venire herein, and for
cause says:   (1) Said motion is impertinent.   (2) Said
motion submits nothing to the court for consideration or
determination.   (3) Because said motion is not such a
motion as this court can consider in these proceedings.
(4) Because said motion sets up no state of facts which,
if true, would justify the quashing of the venire.

The motions coming on to be heard, were argued
by counsel for the State and the defendants, and the
court made an order sustaining the State's motion to
strike, to which ruling the defendants excepted.   There-
upon on December 6th, defendants filed their motion to

quash the indictment as follows : And now come the above
named defendants 'and before pleading to the indictment
herein, in their own proper person, and move the court to
quash the indictment herein on the following good and
sufficient reasons, to-wit : (1) Because these defendants
are citizens and residents of the State of Florida, and of
the United States of America; that the County Commis-
sioners of said Escambia county, Florida, whose duty it is
made by law to select names for jury duty for and during
each year, did at their meeting held in January A.D. 1900,
select a list of names for jury duty for and during the
present year; that said list selected contained five hundred
names, to serve as grand and petit jurors for and during
the present year; that said County Commisioners in se-
lecting said list of names as aforesaid discriminated
against all colored men of African descent, and refused to
select any of them on account of their race, color and pre-
vious condition of servitude; that at the time of the selec-
tion of said list by said County Commissioners as afore-
said there were more than fourteen hundred colored citi-
zen and residents of said Escambia county, Florida, fully
qualified for jury duty, and were so known to the County
Commissioners at that time.   (2) That from said list so
unlawfully drawn and selected by the County Commis-
sioners, was selected or drawn the grand jury for the
present term of this honorable court which found the
indictment against these defendants.   (3) That for many
years the said County Commissioners have discriminated
against all colored men of African descent, and although
there were more than fourteen hundred colored men of
African descent residents and citizens of said Escambia
county, Florida, yet the said County Commisioners failed
and refused to select the names of any of them for jury

duty, they the said County Commissioners well knowing that there were and are many colored men possessing qualifications as required by law. And the discrimination referred to was entirely due on account of race, color and previous condition of servitude. By this discrimination against colored men as aforesaid these defendants are denied the equal protection of the law, as provided and guaranteed by the fourteenth amendment to the Constitution of the United States of America, therefore these defendants move the court to quash the indictment herein. All of which these defendants are ready to verify.

his

(Signed)                    James    x    Tarrance,
mark

Amos Clark,

Dave Powell,

Judson Moore,
his

Marshall x Boyd,
mark.

Will Smith,

Charles Robinson,
his

W. C. x Green,
mark.

STATE OF FLORIDA,     )
                                        ) ss.
County of Escambia,        )

On this day personally appeared James Tarrance, Will Smith, Amos Clark, Judson Moore, Marshall Boyd, Charles Robinson, Dave Powell and W. C. Green who, being duly sworn, each for himself deposes and says, he is the defendant in the

. above entitled cause; that an indictment has been filed against him, charging him with the murder of one W. B. Moore; that he has read the contents of the above and foregoing motion, and that the matters and things set up are to their best knowledge,  information  and belief, true as therein and thereby set forth.

Sworn to and subscribed before me this 6th day of December A. D. 1900.

(Signed)          A. W. Spears, Notary Public.

This motion coming on to be heard, was argued by counsel for the State and the defendants, and the court overruled  the  motion,  to  which  ruling  defendants excepted.   No evidence in support of the motion was introduced or offered to be introduced by the defendants.

Thereafter on December  7th  defendants were arraigned, pleaded not guilty and the case was set for trial on December 13th, and a special venire issued for seventy-five jurors to be summoned by the sheriff from the body of the county to try the case, returnable December 13th.

On December 13th the special venire was called and defendants interposed a challenge to the array as follows : And  now  come  the  defendants  in  their  own  proper persons and by their attorneys, Purcell, Spears and Alston, and challenge the array of jurors drawn to try these defendants, on the ground that the sheriff of Escambia county, Florida, in selection of persons to serve on the jury to try these defendants, knowingly discriminated against all colored men of African descent, and refused and failed to select any colored persons to serve on said jury, well-knowing that there are more than five hundred colored men in said Escambia county, Florida, fully qualified to serve as jurors, thus denying these defendants,

they being colored men, the equal protection of the law, as guaranteed by the fourteenth amendment to the Constitution of the United States.

The challange was submitted to the court without argument and the court overruled it, to which ruling defendants excepted. No evidence in support of the challenge was introduced or offered to be introduced by defendants.

Before the trial jury was completed three other special venires were executed by the sheriff. Defendants entered their challenges to the array upon the return of each venire—each challenge being substantially to the effect that the sheriff of Escambia county in selecting the names of persons to serve on the trial of this cause discriminated against all colored men of African descent on account of their race, color and previous condition of servitude and knowingly refused and failed to select or summon any colored persons to so serve, although he well knew there were more than five hundred colored men of African descent, in said county fully quailified for jury duty, who were well known to said sheriff, by which discrimination defendants, being colored men of African descent, were deprived of the equal protection of the law as guaranteed by the fourteenth amendment of the Constitution of the United States. Each of these challenges was submitted to the court and the court on consideration, overruled each of them, to each of which rulings defendants excepted. No evidence in support of either of said challenges was introduced or offered to be introduced by defendants.

Defendants moved for a new trial, which motion was overruled, to which defendants excepted. The grounds of this motion were that the court erred in striking defendant's motion to quash the venire and the

panels of grand and petit jurors, in striking defendant's motion to quash the indictment, in refusing to grant defendant's challenges to the array of the several special venires of · petit jurors, and that the verdict was contrary to the law, the evidence and the charge of the court.

The errors assigned in this court are as follows: First the court erred in striking defendants' motion to quash the venire and panels of grand and petit jurors drawn and summoned for this term of our said court, on the grounds as set forth in and by their said motion, to-wit: the discrimination against colored men, commonly called negroes, on account of their race, color and previous condition of servitude.` Second. The refusal of the court to grant defendants' motion to quash the indictment found and filed against defendants, on the grounds as set out in and by their said motion, to-wit: because all colored men of the negro race have been discriminated against in selecting names of persons to serve on the grand jury that found and presented said indictment against these defendants, on account of their race, color and previous condition of servitude. Third. The refusal of the court to grant defendants' several challenges to the several array of special venire of petit jurors selected and summoned by the sheriff to try these defendants, on the grounds as set forth in and by their said several challenges, on the grounds as set out by said challenges, to-wit: on the ground of discrimination against colored men in the selection and summoning of said jurors, on account of their race and color. Fourth. The refusal of the court to grant defendants a new trial on grounds as set up in and by their motion.

It was not claimed upon the oral argument, nor is it claimed in the briefs, that the laws of this State prescribing the qualifications of jurors, and regulating the manner

of selecting, summoning and empanelling them, discriminate against any person or class of persons on account of race, color or previous condition of servitude. Nor can such claim be successfully asserted. They disqualify no person or class of persons from jury service because of race, color or previous condition of servitude, nor do they authorize any discrimination on this account to be made by those whose duty it is to enforce the regulations prescribed for selecting, summoning and empanelling. If, therefore, the defendants have been denied the rights claimed by them under the fourteenth amendment of the Constitution of the United States, it has been done, not in obedience to the requirements of our jury laws of which the courts take judicial notice, but by the improper conduct of those engaged in administering those laws. This improper conduct must be brought to the attention of the court by proper proceedings, and the allegations of those proceedings must be sustained by competent evidence as the court can not take judicial notice of such misconduct where it does not appear by the record in the case. The presumption is that those charged with administering the laws have properly discharged their duty and against any misconduct on their part, until the contrary is made to appear. With these preliminary observations we shall now proceed to consider the several questions presented.

The first motion filed by defendants was to quash the venire drawn for the term, and the panels of grand and petit jurors. The venire drawn for the term at that time consisted only of the grand and petit jurors then in attendance. In so far as the panel of petit jurors was concerned the defendants had no right to move to quash that. It was summoned for the first week of the term

only, and had and could have no connection whatever with defendants' case, because their case was not to be tried until a subsequent week, when another and different panel of petit jurors would be in attendance. The petit jury objected to had not been called to try defendants' case and would not be as their term of service would, under the law, expire long before defendants' case would be called for trial. The defendants had no right to challenge the array of petit jurors until their case was called for trial and it was proposed to empanel upon the jury to try them some member of the objectionable panel.

As to the grand jury, the defendants had no right at that time to move to quash the panel. If defendants could properly move to quash the panel or challenge the array of grand jurors for the reasons stated in this motion, it could only be done before the grand jury was empanelled, or at least before the indictment was found. Whether it could be done in that way we do not now decide. We are clear, however, that a motion to quash the panel of grand jurors by one who has been indicted by such jurors is not proper practice. Gladden v. State, 13 Fla. 623. As we shall show further on, a plea in abatement of the indictment is the proper remedy. We regard the ruling sustaining the motion to strike as equivalent to holding that the motion to quash was not the proper method of raising the question sought to be raised; and while we do not approve of the practice of moving to strike a motion, we do not see that the defendants have been injured by the form of ruling complained of. They were afterwards permitted to move to quash the indictment upon the same grounds as those embraced in this motion, and even if the matter could properly have been presented by the

first motion they are not injured in this case, because they were permitted to present the same objection in another form, and were not denied the right to sustain it by proof. If we treat the motion to quash the indictment as properly raising the questions sought to be presented by it, it was properly overruled, because no evidence was introduced or offered to sustain its allegations. This is true even though the motion is verified by defendants' affidavit attached thereto. Smith v. Mississippi, 162 U. S. 592, 6 Sup. Ct. Rep. 900. The affidavit attached to this motion practically amounts to nothing. It does not appear that defendants had any knowledge, information or belief as to the facts alleged in the motion. The affidavit asserts none, nor do defendants swear to a single tangible fact showing any knowledge, information or belief whatever upon the subject. Ballard v. Eckman & Vetsburg, 20 Fla. 661; Smith v. State, (Miss.) 18 South. Rep. 116. Besides, the court is not authorized to quash an indictment on mere information and belief of a defendant or any other person. However, as we have already said, even if the affidavit had been positive, the court would have been justified in denying the motion in the absence of evidence, or an agreement from the State or order of the court to the effect that the verified motion might be considered as evidence. There is, in our opinion, nothing in the cases cited to us by defendants (Carter v. Texas, 177 U. S. 442, 20 Sup. Ct. Rep. 687, and cases cited therein) in conflict with the conclusions we have reached upon this question.

We are of opinion that the proper method of presenting the question sought to be presented by this motion is by plea in abatement of the indictment, and not by motion to quash, and that the ruling upon the motion can be sustained upon that ground. It has for many years been the

practice in this State, sanctioned by repeated rulings of this court, that all objections to the competency of, and to irregularities in selecting, drawing and empanelling grand jurors not appearing of record, must be taken advantage of by plea in abatement of the indictment, and not by motion to quash it. Woodward v. State, 33 Fla. 508, 15 South. Rep. 252; Kitrol v. State, 9 Fla. 9; Gladden v. State, *supra;* Tervin v. State, 37 Fla. 396, 20 South. Rep. 551. See, also, State v. Foster, 9 Tex. 65.

The objections to the special venires for petit jurors were properly presented by challenges to the array. No evidence was produced or offered to prove the facts asserted in these challenges, and the written challenges were not even verified by defendants' affidavit as was the motion to quash. The court ruled correctly in denying these challenges, because there was no evidence to sustain them. Smith v. Mississippi, *supra;* Yates v. State, 43 Fla. 179, 29 South. Rep. 965.

This disposes of all the assignments of error except the fourth which complains of the ruling denying the motion for a new trial. All of the grounds of this motion have been considered in the preceding part of this opinion, except two, *viz*: that the court erred in striking defendants' motion to quash the indictment, and that the verdict was contrary to the law, the evidence and the charge of the court. Neither of these grounds of the motion have been argued, and are therefore under our practice to be treated as abandoned. We will remark, however that according to the record before us the court below did not strike the motion to quash the indictment; but, on the contrary, it was argued ad submitted to the court and duly considered and overruled by it.

We find in the transcript brought to this court a mass

of matter wholly unnecesary in the consideration of the points presented. Every capias with the return of the sheriff, a memorandum of the name of every juror summoned and examined in the case, and of many challenges and objections to jurors, other than those assigned as error, the stenographer's report of the testimony, consisting of over one hundred type-written pages, and other unnecessary matter are certified to us in the transcript. The memorandum referred to and the stenographer's report of the testimony do not appear to be a part of the bill of exceptions, and for that reason· should have been omitted from the transcript. As these unnecessary matters increase the costs of the case and defendants are shown to be insolvent, thereby putting the expense of the prosecution upon the State or county, we shall direct our clerk in taxing the costs to allow nothing for these unnecessary matters.

The judgments of the Circuit Court are affirmed.