Tom Hubbard v. The State.

No. 2448. Decided March 19, 1902.

**1.—Continuance.**

The fact that there was excitement throughout the county over the case, while it might be used upon the question of a change of venue, is no reason why a continuance should be granted.

**2.—Race Discrimination—Motions to Quash Indictment and Special Venire.**

To bring the matter of race discrimination successfully, on motion to quash, against an indictment or special venire upon the trial of a negro, the African race must have been excluded or discriminated against solely because of race or color. See opinion for facts insufficient to support this contention.

**3.—Juror—Challenge for Cause.**

See opinion for evidence insufficient to support a challenge for cause to a juror on the ground of race prejudice.

**4.—Same.**

A defendant can not complain of the overruling of his challenge for cause to a juror where he had not exhausted his peremptory challenges when he accepted the juror.

Appeal from the District Court of Van Zandt. Tried below before Hon. J. Gordon Russell.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

Appellant was charged by the indictment with the murder of Emma Wynne, on the 11th day of November, 1901, by shooting her with a pistol.

The parties to the homicide were negroes, and had been criminally intimate for some time. Defendant claimed that he had given $35 to deceased to keep for him. That he had been quite ill, and when he was able to get up that he went to the place where deceased and her mother were washing clothes to get his money to pay the doctors who had attended upon him during his illness. That he and deceased got into a quarrel and she struck him with the "batting stick" she used in washing. That he drew his pistol and deceased's mother struck him with a heavy chunk of wood. Deceased ran. He followed, shooting at her. Her mother threw a bucket of hot water upon him. He shot several times at deceased, until she fell, and he then ran off. Deceased died from the effect of a bullet wound inflicted by him.

The errors claimed for reversal are sufficiently stated in the opinion.

No brief for appellant found with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life.

In regard to the application for continuance, it is sufficient to say that one of the witnesses appeared during the trial and appellant declined to use his testimony; and for the other two, appellant declined to have further process issued. The application further recites there was considerable excitement over the case throughout the county, and that for this reason the continuance should have been granted. This might be used in regard to a change of venue; but the court certifies no feeling existed in the county and no extraordinary excitement over the case; that there was no prejudice, and no evidence adduced to show such condition, either as to excitement or prejudice.

Motions to quash the indictment and venire were based upon race discrimination. Both of these motions were overruled. The substance of the facts shows there was not over seventy-five or one hundred negroes in the county who could read and write, and many of these were not freeholders, and most of the negroes who could read or write belonged to the younger generation of negroes, who were not householders or freeholders. The ex-county judge testified that he did not know of a negro in the county whom he could conscientiously say was as fully qualified for jury service as were 1000 of the 3000 white voters in the county. And to the same effect is the testimony of the collector of

taxes. The jury commissioners stated that they had been instructed by the district judge at the last term of the court in reference to their duties, and were forbidden to discriminate against negroes, and that they should not, in drawing jurors, pass a negro who was qualified as a juror. They testified that they obeyed this injunction. We do not believe this shows a discrimination against the negroes as jurors. It seems that, under the ruling of the Supreme Court of the United States, as found in Carter's case, 20 Supreme Court Reporter, 687, in order to bring this matter of discrimination successfully against the indictment or venire upon motions of the character under discussion, the African or negro race must be excluded or discriminated against solely because of race or color. The testimony does not show that they were discriminated against under this decision. See also Smith's case, 50 S. W. Rep., 97; Eastling's case (Ark.), 62 S. W. Rep., 584; Lewis v. State, 1 Texas Ct. Rep., 268, 59 S. W. Rep., 1116.

Nor was there error in the action of the court overruling the challenge for cause as to juror Parr. On his voir dire he stated he knew nothing of the case, and had formed no opinion as to the guilt or innocence of defendant; that he could give defendant a fair and impartial trial as if he were a white man; that some years before a crowd in his neighborhood went to a man's house and requested him to make a negro leave his place; that no violence was offered to the negro, and he did not leave, but continued to live on the place for two years; that he (juror) was not in the crowd, and had nothing to do with it; that he had no bias or prejudice against defendant because he was a negro; that no negroes live in his community, not on his account, but because a majority of the people objected to them living in that community; and that he (Parr) would not employ a negro on that account. Upon this statement a cause for challenge was interposed and overruled. Defendant then accepted the juror. We do not believe this is a cause for challenge. Nor does the bill show that appellant had exhausted his peremptory challenges when he accepted the juror. If the juror was distasteful appellant should have peremptorily challenged, if he had a remaining peremptory challenge; and if there was no peremptory challenge left him, then the bill should have shown that fact. If he could have gotten rid of the juror, it was his business to exhaust his legal resources in that direction before he could complain.

No errors appearing in the record requiring a reversal, the judgment is affirmed.

*Affirmed.*