Montgomery v. The State of Florida—Syllabus.

I. W. MONTGOMERY, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A challenge to the array of petit jurors by a colored person upon trial charged with crime, properly raising the objection that the sheriff charged with summoning venires for petit jurors from the body of the county discriminated against persons of color, solely on account of their color, in executing the venire, being based upon allegations of fact not appearing in the record, if controverted by the state, must be supported by evidence on the part of the defendant, even though such challenge to the array is verified by the affidavit of the defendant.

2. Where the defendant offers proof of a properly presented challenge to the array of petit jurors, and the state fails to join issue on the challenge, but demurs thereto, the allegations of the challenge are to be taken as true. The demurrer ought to be overruled and the state permitted to take issue thereon. The issue so raised is to be tried by the court on the proofs offered by the parties.

3. The presumption is that those administering the laws have properly discharged their duty, and against any misconduct on their part until the contrary is made to appear.

4. A defendant on trial, charged with crime, has no right, because of his color, to require the sheriff, in executing a venire, to select or summon any number of colored men to serve as jurors to try him upon a criminal charge. The law does not require that a colored man be tried for a criminal offense by a jury composed in whole or in part of colored men.

5. The equal protection of the laws is not denied to colored persons by a law which makes no discrimination against the colored race in terms, but which grants a discretion to certain officers, which can be used to the abridg-

ment of the rights of colored persons to serve on petit juries, where it is not shown that the actual administration of the law was evil, but only that evil was possible under it.

6. The mere fact that the sheriff, in executing a venire for petit jurors to try the defendant, who was a colored man, summoned only white men to serve as jurors, and failed and refused to select any colored men of African descent to serve on the jury which was summoned to try the defendant, is not of itself evidence of discrimination against persons of color, solely on account of their color; neither is it a denial to the defendant of the equal protection of the law as contemplated by the fourteenth amendment of the constitution of the United States.

7. When officers charged with summoning venires for petit jurors from the body of the county discriminate against persons of color, solely on account of their color, in executing a venire, the colored person, upon trial charged with crime, may challenge the array of such petit jurors upon the ground stated, when it is proposed to select jurors to try him from such special venire.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the Court.

*I. L. Purcell,* for Plaintiff in Error;

*W. H. Ellis,* Attorney General, for the State.

PARKHILL, J.:  The plaintiff in error, hereinafter called the defendant, was tried and convicted in the criminal court of record in and for Duval county, of the crime of embezzlement, and was sentenced to imprisonment in the state prison for two years, and asks a reversal here upon writ of error, returnable to the present term.

The information charged that the defendant, "being an officer, to wit: Treasurer of W. R. Ross Lodge Number 7, Knights of Pythias, a voluntary association then and there existing in the State of Florida, did then and there, by virtue of his employment as such officer, receive and take into his possession certain paper bills and silver coins of the currency of the United States of the value of three hundred and fifty dollars of the money of the said W. P. Ross Lodge Number 7, Knights of Pythias  *  *  *  and did afterwards, to wit: then and there embezzle and fraudulently convert the same to his own use, without the consent of the said W. P. Ross Lodge Number 7, Knights of Pythias."

On the 26th day of December, 1905, the defendant was arraigned and entered a plea of not guilty.  On the 20th day of March, 1906, the cause was called for trial and the defendant, by and through his counsel, made challenge to the array of jurors in words and figures as follows: "And now comes the defendant, by Wetmore and Purcell, his attorneys, and challenges the array of jurors drawn and summoned for service in this court during the present week, on the following good and sufficient reasons:

1st. That the sheriff of Duval county, Florida, whose duty it is made by law to summon special venires when ordered by the court for jurors to serve in our said court; and whereas, on the 10th day of March, A. D. 1906, a special venire did issue out of this honorable court for

twelve good and lawful men to be summoned from the body of the County of Duval, State of Florida, to serve as jurors for the second week of the February Term, A. D. 1906, was returnable March 12th, A. D. 1906, at 9:30 A. M., and from said venire a jury is to be selected to try defendant, a copy of said order is hereto attached; and whereas, the sheriff, in executing said venire, did summon only white men to serve as jurors for and during the said week of said court, and did fail and refuse to select any colored men of African descent to serve on the jury as aforesaid, thus discriminating against all colored men of African descent.

2nd.  That there are, and were at the time of executing said venire, in Duval county, Florida, many thousand colored men of African descent of approved integrity, fair character, and sound judgment and intelligence, and fully qualified for jury duty; and this fact was well known to the sheriff of our said county.

3rd.  That the defendant is a colored man of African descent and a citizen and resident of the State of Florida, and of the United States of America.

4th.  That it has been the custom for many years in this honorable court, when special venires are issued and served, for the sheriff to refuse to select any names of persons of the African race to serve on the jury in this honorable court.

5th.  That the discrimination and refusal of the sheriff to select any men of the African race to serve on the jury is on account of their race, color and previous condition of servitude; and this discrimination against colored men of African descent is a denial to the defendant of the equal protection of the law as contemplated and guaranteed by the fourteenth amendment of the Constitution

of the United States; all of which the defendant is ready to verify.

Therefore he prays the venire and array of petit jurors drawn to serve for this term, and from which the trial jury is to be selected to try this defendant, be quashed; hence this challenge to the array.

Wetmore & Purcell, Attorneys for Defendant."

This challenge to the array was duly sworn to by the defendant.

The said challenge coming on to be heard, the defendant, by his counsel, requested the court to allow defendant to introduce witnesses to prove the allegations of his said challenge. The court stated that the challenge being sworn to and not denied the introduction of testimony was unnecessary, to which the defendant then and there excepted.

On the same day the county solicitor, prosecuting in said court, filed a demurrer to defendant's said challenge on the following grounds:

1. The said motion or challenge fails to set up or allege such a state of facts as entitles the defendant to the relief therein prayed.

2. The said motion fails to charge that negroes were not summoned on said jury by said Sheriff solely or simply because of their race, color or previous condition of servitude.

3. The presumption of law is that the said Sheriff has in accordance with law done his duty.

4. The motion is insufficient to warrant the taking of any evidence in support thereof.

5. It doth not sufficiently appear from said motion that there are any colored men in said county competent to serve on said jury.

The court sustained the demurrer to the challenge, to which ruling of the court the defendant duly excepted.

The first four assignments of error relate to the action of the court upon the challenge to the array of jurors and the demurrer thereto, and will be considered together. They are as follows:

"1st. The court erred in denying defendant the right to introduce evidence to prove the allegations in his challenge to the array of petit jurors, he having offered to do so.

2. The court erred in denying defendant's challenge to the array of petit jurors, on the grounds set out in and by his said challenge.

3. The court erred in allowing plaintiff to file a demurrer to challenge, after same having been ruled out by the court.

4. The court erred in sustaining plaintiff's demurrer."

The court did not err in refusing to permit the defendant to introduce witnesses to prove the allegations of his challenge to the array of jurors at the time the request so to do was made. The state did not join issue on the challenge. The challenge was sworn to and the defendant offered other evidence in support thereof. Of course, the challenge, even though sworn to by the defendant, if controverted by the state, must have been supported by other evidence on the part of the defendant. Carter v. State of Texas, 177 U. S. 442, 44 L. Ed. 442, 20 Sup. Ct. Rep. 687; Tarrance v. State, 43 Fla. 446, 30 South. Rep. 685. The challenge was demurred to. The state did not deny the facts set up in the challenge, as the court stated. The court made no ruling on the challenge before the demurrer thereto was filed. Did the court err in sustaining this demurrer, and in denying thereby defendant's challenge to the array of petit jurors?

The presumption is that those administering the laws have properly discharged their duty and against any misconduct on their part until the contrary is made to appear. The defendant has no right, because of his color, to require the sheriff, in executing a venire, to select or summons any number of colored men to serve as jurors to try him upon a criminal charge. The law does not require that a colored man be tried for a criminal offense by a jury composed in whole or in part of colored men.

The equal protection of the laws is not denied to colored persons by a law which makes no discrimination against the colored race in terms, but which grants a discretion to certain officers which can be used to the abridgment of the right of colored persons to serve on grand or petit juries, where it is not shown that the actual administration of the law was evil, but only that evil was possible under it. Williams v. State of Mississippi, 170 U. S. 213, 42 L. Ed. 1012, 18 Sup. Ct. Rep. 583. The mere fact, therefore, that "the sheriff, in executing said venire, did summon only white men to serve as jurors during the said week of said court, and did fail and refuse to select any colored men of African descent to serve on the jury" which was summoned to try the defendant, is not of itself evidence of a "discrimination against all colored men of African descent," neither is it "a denial to the defendant of the equal protection of the law as contemplated and guaranteed by the fourteenth amendment of the constitution of the United States." Ex parte Murray, 66 Fed. Rep. 297. But, as we have once before had occasion to say, the laws of this state prescribing the qualifications of jurors and regulating the manner of selecting, summoning and impaneling them do not disqualify any person on account of race, color or previous condition of servi-

tude, nor do such laws authorize any discrimination on this account by those whose duty it is to enforce the regulations prescribed for selecting, summoning and impaneling jurors. Tarrance v. State, *supra.* When, therefore, officers charged with summoning venires for petit jurors from the body of the county discriminate against persons of color, solely on account of their color, in executing a venire, the colored person, upon trial charged with crime, may challenge the array of such petit jurors upon the ground stated when it is proposed to select jurors to try him from such special venire. Tarrance v. State, *supra;* Carter v. State of Texas, 177 U. S. 442, 44 L. Ed. 442, 20 Sup. Ct. Rep. 687.

We think the allegation of the fifth paragraph of the challenge, to the effect that the "refusal of the sheriff to select any men of the African race to serve on the jury is on account of their race, color and previous condition of servitude," refers clearly enough to the special venire which issued from the criminal court of record for Duval county for twelve good and lawful men to be summoned from the body of the county to serve as jurors for the second week of the February, A. D. 1906, returnable March the 12th, 1906, and from which said venire a jury was to be selected to try the defendant, and set forth in the first paragraph of the challenge.

We think, too, that the allegation in the fifth paragraph of the challenge, to the effect that the "refusal of the Sheriff to select any men of the African race to serve on the jury is on account of their race, color and previous condition of servitude," clearly enough charges that this refusal of the sheriff to select any men of the African race to serve on the jury was solely on account of their race, color and previous condition of servitude. This was

the view taken by the supreme court of the United States of a like allegation of discrimination, in the case of Carter v. State of Texas, *supra*.

We think it sufficiently appears from the language of the challenge that there were colored men in Duval county competent to serve on the said jury. The challenge alleges "that there are, and were at the time of executing said venire, in Duval county many thousand colored men of African descent of approved integrity, fair, character and sound judgment and intelligence, and *fully qualified* for jury duty; and this fact was well known to the sheriff of our said county."

These allegations of the challenge being admitted to be true by the demurrer thereto, and the defendant requesting the court to allow him to introduce witnesses to prove the truth thereof, the necessary conclusion is, therefore, that the defendant has been denied a right duly set up and claimed by him under the constitution and laws of the United States. The court erred in sustaining the demurrer. The court ought to have overruled the demurrer and to have permitted the state to take issue thereon. The issue so raised is to be tried by the court on the proofs offered by the parties.

For the error found, the judgment of the criminal court of record in said cause is hereby reversed and a new trial awarded at the cost of Duval county.

TAYLOR and HOCKER, JJ., concur:

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.