GEORGE LEWIS *v.* STATE OF MISSISSIPPI.

[45 South., 360.]

1. JURIES. *Selection. Civil rights. Board of supervisors. Discretion Code* 1906, § 2688.

  Code 1906, § 2688, prescribing procedure in the selection of jurors, does not admit of discrimination against any citizen by reason of his race or color, and the courts will not review the discretion of the board of supervisors exercised in accordance with the section.

2. SAME. *Race. Color.*

  A jury may be composed wholly of white men, wholly of negroes or partly of white men and partly of negroes; and it is not essential to the rights of a defendant that some man of his race shall be on the jury by which he is tried; it is sufficient if none be excluded because of race or color.

FROM the circuit court of, first district, Hinds county.

HON. ROBERT L. BULLARD, Judge.

Lewis, appellant, a negro, was indicted, tried and convicted of robbery, sentenced to the penitentiary for eight years, and appealed to the supreme court.

The opinion of the court sufficiently states the facts.

*Johnson & Johnson,* for appellant.

The court below erred in not sustaining appellant's motion to quash the indictment. Testimony was offered upon the hearing of the motion, and it was shown by appellant's affidavit that there was race discrimination resulting to his prejudice inasmuch as negroes were not upon the grand or petit juries. A motion to quash an indictment should be sustained, if there is sufficient proof to support the allegations therein where the allegations, when proven, show matters prejudicial to the party indicted. *Martin* v. *Texas,* 100 U. S., 316.

In the administration of justice in criminal cases no rule can be applied to one class of persons that is not applicable to all classes. *Gibson* v. *State,* 162 U. S., 565.

In *Neal* v. *Delaware,* 103 U. S., 370, the United States supreme court said, in effect, that although the state jury law of Delaware did not exclude colored persons from serving as jurors, yet if the authorities, whose duty it is to select veniremen, purposely exclude negroes merely because of color, such exclusion gives the right, not to a removal to the federal court, but to quash the indictment in the state court.

*George Butler,* assistant attorney-general, for the appellee.

Waiving the question of the sufficiency of the grounds alleged in the motion, and considering the language of the motion as being sufficient to present the question of race discrimination which appellant evidently intended to raise, we deem it only necessary to say that the motion was not sustained by the proof. In fact, the witnesses testified positively that in preparing the jury list, they did not discriminate against negroes because of their race or color. The burden of substantiating the grounds of the motion by sufficient evidence was upon appellant, and his verification on information and belief was insufficient.

The case of *Neal* v. *Delaware,* 103 U. S., 370; 26 L. Ed., 567, relied upon by appellant, is not in point, and has been modified by the later cases of *Smith* v. *Mississippi,* 162 U. S., 592; 40 L. Ed., 1082, and *Farrance* v. *Florida,* 188 U. S., 520; 48 L. Ed., 372.

The record discloses a plain case of robbery. No error prejudicial to appellant was committed on the trial and the judgment of the circuit court should be affirmed.

Mayes, J., delivered the opinion of the court.

This appellant is a negro, and was indicted in the first district of Hinds county on the charge of robbery, convicted,

and given a sentence of eight years in the penitentiary. A review of this record leaves no doubt as to the propriety of his conviction on the evidence adduced by the state.

Before the trial a motion was made by the counsel for the appellant to quash the indictment on the ground that appellant had been discriminated against, in that no negroes were on the jury. When this motion was made, some testimony was taken in attempted support of it; but the testimony utterly fails to show that there was any discrimination against appellant in any way on account of his race or color. On the contrary, the testimony shows conclusively that the laws of the state have been complied with strictly, and that no person was put on the jury simply because he belonged to the white race, nor was any person kept off because he belonged to the colored race. In the case of *Dixon* v. *State,* 74 Miss., 271; 20 South., 839, and *Gibson* v. *State,* 162 U. S., 565; 16 Sup. Ct., 904; 40 L. Ed., 1075, all the provisions of our law with reference to the selection of jurors, both by the statute and the Constitution, are reviewed and elaborately discussed, and held not to be violative of any clause or section of the Constitution of the United States. In view of these decisions, and the full discussion of this subject which is contained in them, we do not deem it necessary to go into a further discussion of this subject. There is nothing in our jury law which does not apply with equal force to all citizens, whatever be their race or color. It is a mistaken impression, which seems to have become prevalent, that in order to constitute a valid jury there must be some negroes in the jury list. Such is not the case. A jury may be composed entirely of negroes, or it may be composed entirely of white persons, or it may be composed of a mixture of the two races; and in either and in any case it is a perfectly lawful jury, provided no one has been excluded or discriminated against simply because he belongs to one race or the other.

Section 2688 of the Code of 1906 provides how the list of jurors shall be procured and of whom it shall be composed.

It does not say, either in express words or by implication, that the jury shall be composed of white people entirely, or that it shall be composed of colored people, or that it shall be composed of any particular race; but it does say that the jury shall be composed of persons of good intelligence, sound judgment, and fair character. This section provides that the board of supervisors shall select and make the list of persons to serve as jurors, and that they shall use as their guide in making the list " the registration books of voters, and shall select a list of names of qualified persons of ·good intelligence, sound judgment and fair character, and shall take them as nearly as they conveniently can from the several supervisors' districts in proportion to the number of qualified persons in each," etc. This is the guide by which the board of supervisors shall be governed in the selection of those who are to serve as jurors, and it was the object and the purpose of the law to give them wide discretion in the selection of jurors, in order that they might secure persons of good intelligence, sound judgment, and fair character, to the end that there may be nothing but the purest administration of the law. There is nothing in the law which permits them to discriminate and refuse to take a negro on a jury simply because he is a negro; neither are they required to take him on the jury because he is a negro. They are only required to select persons of good moral character, and when, in the exercise of that discretion vested in them by the law, they have done this in an honest purpose to get good men on the jury, irrespective of the race to which they belong, and without discrimination merely on account of race or color, they have exercised a discretion not subject to review by this court, or any other court.

*Affirmed.*