I. W. MONTGOMERY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. The constitution of the United States within its limited sphere is the supreme law of the land and it is the duty of all officials whether legislative, judicial, executive, administrative or ministerial to so perform every official act as not to violate the constitutional provisions.

2. The duty rests upon all courts, State and National, to guard, protect and enforce every right granted or secured by the constitution of the United States whenever such rights are

involved in any proceeding before the court and the right is duly and properly claimed or asserted.

3. Where a discrimination has been made against persons because of race or color in a State statute or in any action of officials thereunder, in selecting, summoning or empaneling jurors, any person of the race so discriminated against who is to be tried on a criminal charge by such jurors may by proper proceedings duly taken for that purpose have the statute or the action taken thereunder annulled by the court as being a denial by the State to the person so being tried of the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States. This rule is the law of the land as determined by the Supreme Court of the United States acting within its judicial power.

4. The statutory provisions of this State for selecting, summoning and empaneling jurors do not discriminate, or authorize any discrimination, against any person for jury duty because of race or color. It is the duty of the officers charged with the adminstration or execution of such statutory provisions, to do so without violating the constitution of the United States, by discriminating against persons on account of race or color or by other illegal action. If in selecting, summoning or empaneling jurors, a discrimination is made against any citizen on account of race or color, such action is not authorized by the statute, is illegal, and upon proper proceedings duly taken for that purpose, should be set aside and annulled *in toto*.

5. The constitutional guaranty of equal protection of the laws does not give to any person a right to a jury composed in whole or in part of his own or of any particuliar race; but every person being tried in a court of justice is entitled to have a jury selected and summoned without illegal discrimination of any character. A large discretion is necessarily allowed the officers charged with the responsible duty of selecting jurors. This discretion should be carefully exercised so as to aid in the proper administration of the law by securing the best juries possible without illegal discrimination against any citizen of the State qualified for jury duty under the law.

6. Where the statute of a state in its terms does not abridge a privilege or immunity of citizens of the United States, or does

not deny to any person the equal protection of the laws, the action of officials in executing the provisions of such statute is presumed to be legal. When illegal action by an official in the administration or execution of a valid statute is charged, such illegal action should be duly, properly, directly and distinctly alleged, and if not admitted by demurrer or otherwise, should be duly proven or proof thereof duly offered according to the usual and proper mode of procedure in such cases.

7. Where testimony is admitted without objection in a judicial proceeding it is treated as received by consent. When so admitted the testimony, if not illegal, should be given all the probative force that its ordinary meaning and effect will afford. Testimony not essentially illegal that is received without objection and is not in any way controverted should be given all the probative force and effect that the meaning of the testimony naturally and ordinarily affords to the mind without technical requirements or limitations.

8. While the presumption is that the officers have legally discharged their duty in selecting and summoning the jurors under statutes that do not authorize any illegal discrimination, yet this is but a presumption that may be overcome by evidence to the contrary upon a challenge to the panel of juries on the ground of illegal discrimination in selecting the juries. When such presumption is overcome by uncontroverted testimony, and no evidence is offered to show there was no illegal discrimination by the officers in selecting and summoning the juries, the challenge should be sustained.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record for Duval County.

## Statement.

An information was filed in the criminal court of record for Duval county, Florida, charging the plaintiff in error with embezzlement of money held by him as

Treasurer of a Lodge of Knights of Pythias. When arraigned the defendant pleaded not guilty, and at the trial presented challenges to the array of jurors and moved to quash the venires both as to the regular panel drawn from the jury box, and the special panel selected by the sheriff.

The challenges sworn to by the defendant allege that the county commissioners are all white men and in selecting the list of names for jury duty discriminated against all colored men of African descent, and failed and refused to select any solely on account of their race, color and previous condition of servitude; that for many years all colored men of African descent have been discriminated against by the county commissioners, and none have been drawn, selected or summoned as petit jurors in any of the courts of the county; that at the time of selecting the names for jury duty there were and are now many thousand colored men of African descent in the county, a large number of whom are tax-payers, and of approved integrity, fair character, sound judgment and intelligence, and fully qualified for jury duty; that this fact was well known to the county commissioners and sheriff at the time of selecting the list and summoning the jury; that this discrimination against negroes or colored men of African descent is solely on account of their race and previous condition of servitude; that by this discrimination against colored men, the defendant being a colored man of African descent, is denied the equal protection of the law; that the sheriff summoned only white men to serve as jurors and failed and refused to select any colored man of African descent to serve on the jury, thus discriminating against all colored men of African descent; that it has been the custom for many years in the court when special venires were issued and served for the sheriff to fail and refuse to select any names of persons of the African race to

serve on the jury in the court; that the discrimination and refusal of the sheriff to select any men of the African race to serve on the jury is on account of their race, color and previous condition of servitude, and this discrimination against the colored men of African descent is a denial to the defendant of the equal protection of the law, he being a colored man of African descent and a citizen of the United States and of the state and county.

The state joined issue on the challenges and testimony in support of the challenges was taken, the material part of which is as follows: Six of the jurors were drawn from the jury box and the other six were selected by the sheriff. When N. B. Broward was sheriff a few colored men were drawn on the juries. Colored people of the county own considerable property and pay considerable taxes. Colored children attend the county and city schools. Colored people are considerably engaged in business in the city. The list of names of several hundred persons placed in the box for jury duty during the year 1907, does not contain the names of a half dozen colored men, if any. Several named colored persons have served on juries in the past. The colored people of the city are progressive. They have property and engage in business enterprises. There is a colored bank in the city and colored men successfully conduct real estate offices and industrial insurance companies; some are builders and merchants, others are engaged in nearly every line of business. Colored people have schools in the county and two colleges; about two-thirds of the colored men are of fair character, sound judgment and intelligence, and fully qualified for jury duty. There is a large majority of the colored people in the county. It has been a long time since colored men have served on the jury in the court.

The state introduced no evidence. The court denied

the challenges and the defendant excepted. Having been convicted and a new trial denied, the defendant duly excepted and took writ of error assigning as errors the denial of the challenges to the jurors and the denial of the motion for new trial.

The order heretofore made by this court with reference to the proper authentication of the bill of exceptions in this cause has been complied with, and a copy of a duly authenticated bill of exceptions is contained in the transcript of the record now on file.

*I. L. Purcell,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J., *(after stating the facts)*.—Having been convicted of embezzlement, the plaintiff in error insists here on writ of error that the trial court erred in overruling his challenges to the array of jurors made on the ground that there was illegal discrimination in the selection and summoning of the jurors.

It is not contended that the statutes of this state under which the jurors were selected and summoned are violative of an constitutional provision; but it is urged that the action of the officers of the state in the execution or administration of the statutory provisions for selecting and summoning the jurors was such that citizens were discriminated against on account of race or color and that thereby the state has denied the plaintiff in error the equal protection of the laws in violation of the constitution of the United States.

Section one of the fourteenth amendment to the constitution of the United States provides that: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No

state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The constitution of the United States within its limited sphere is the supreme law of the land and it is the duty of all officials whether legislative, judicial, executive, administrative or ministerial to so perform every official act as not to violate the constitutional provisions.

The duty rests upon all courts, state and national, to guard, protect and enforce every right granted or secured by the constitution of the United States whenever such rights are involved in any proceeding before the court and the right is duly and properly claimed or asserted.

Where a discrimination has been made against persons because of race or color in a state statute or in any action of officials thereunder, in the selection, summoning or empaneling of jurors, any person of the race so discriminated against who is to be tried on a criminal charge by such jurors may by proper proceedings duly taken for that purpose have the statute or the action taken thereunder annulled by the court as being a denial by the state to the person so being tried of the equal protection of the laws in violation of the fourteenth amendment to the constitution of the United States. This rule is the law of the land because it has been so determined by the supreme court of the United States acting within its judicial power. Straunder v. West Virginia, 100 U. S. 303; Virginia v. Rives, 100 U. S. 313; Ex Parte Virginia, 100 U. S. 339; Neal v. Delaware, 103 U. S. 370; Gibson v. Mississippi, 162 U. S. 565, 16 Sup. Ct. Rep. 904; Cater v. State of Texas, 177 U. S. 443, 20 Sup. Ct. Rep. 687; Rogers v. Alabama, 192 U. S. 226, 48 Sup. Ct. Rep. 417; State v. Peoples, 131 N. C.

784; 42 S. E. Rep. 814; State v. Warner, 165 Mo. 399, 65 S. W. Rep. 584; Green v. State 73 Ala. 26.

The statutory provisions of this state for selecting, summoning and empaneling jurors do not discriminate, or authorize any discrimination against any person for jury duty because of race or color, and do not violate the constitutional provision above quoted.   It is the duty of the officers charged with the administration or execution of such statutory provisions, to do so without violating the constitution of the United States, by discriminating against persons on account of race or color or by other illegal action.   If in the selection, summoning or empaneling of jurors, a discrimination is made against any citizen on account of race or color, such action is not authorized by the statute, is illegal, and upon proper proceeding duly taken for that purpose, should be set aside and annulled *in toto*.

Where the statute of a state in its terms does not abridge a privilege or immunity of citizens of the United States, or does not deny to any person the equal protection of the laws, the action of officials in executing the provisions of such statute is presumed to be legal.   When illegal action by an official in the administration or execution of a valid statute is charged, such illegal action should be duly, properly, directly and distinctly alleged and if not admitted by demurrer or otherwise, should be duly proven or proof thereof duly offered according to the usual and proper mode of procedure in such cases.   Brownfield v. South Carolina, 189 U. S. 426, 23 Sup. Ct. Rep. 513; Tarrance v. Florida, 188 U. S. 519, 47 Sup. Ct. Rep. 572; Williams v. State of Mississippi 170 U. S. 213, 18 Sup. Ct. Rep. 583; Carter v. State of Texas, 177 U. S. 442, 20 Sup. Ct. Rep. 687; Smith v. State of Mississippi, 162 U. S. 592, 16 Sup. Ct. Rep. 900; Tarrance v. State 43 Fla. 446, 30 South. Rep. 685; Montgomery v. State, 53 Fla. 115, 42 South. Rep. 894.

The constitutional guaranty of equal protection of the laws does not give to any person a right to a jury composed in whole or in part of his own or of any particular race; but every person being tried in a court of justice is entitled to have a jury selected and summoned without illegal discrimination of any character. A large discretion is necessarily allowed the officers charged with the responsible duty of selecting jurors. This discretion should be carefully exercised so as to aid in the proper administration of the law by securing the best juries possible without illegal discrimination against any qualified citizen of the state. Illegal discrimination in selecting persons to serve as jurors affects the validity of the panel or venire as an entirety without reference to the impartiality of individual jurors on the panel. In the eyes of the law all persons of all races are regarded alike, and no person has any right to insist that a person of his race or color shall be on the jury by which he is tried when charged with crime, or when he is otherwise a party to an action or proceeding. But every person has a right to insist that officers of the law in selecting lists of names of persons to compose the juries in the courts shall not in such selection discriminate against any citizen subject to jury duty because of his race, color or previous condition of servitude, and if such officers do so discriminate they violate the constitution of the United States and the entire lists of jurors so selected is vitiated and illegal. Montgomery v. State, 53 Fla. 115, 42 South. Rep. 894; Virginia v. Rives, 100 U. S. 313, 323; State v. Brown, 119 Mo. 527, 24 S. W. Rep. 1027; 25 S. W. Rep. 200; Lewis v. State, Miss.    , 45 South. Rep. 360; State v. Casey, 44 La. Ann. 969, 11 South. Rep. 583; Bullock v. State, 65 N. J. L. 557, 47 Atl. Rep. 62, S. C. 86 Am. Ct. Rep. 668; Lawrence v. Commonwealth, 81 V., 484; State v. Sloan, 97 N. C. 499, 2 S. E. Rep. 666.

On a former writ of error in this case (53 Fla. 115, 42 South. Rep. 894), it was held that an allegation that the "refusal of the sheriff to select any men of the African race to serve on the jury is on account of their race, color and previous condition of servitude," is a sufficient charge of discrimination to entitle defendant to prove it. This is the law of the case and is applicable to both the challenges now before the court.

Where testimony is admitted without objection in a judicial proceeding it is treated as received by consent. When so admitted the testimony, if not illegal, should be given all the probative force that its ordinary meaning and effect will afford. The testimony in support of the challenges is not full and clear; but it was admitted without objection, and no testimony was offered in rebuttal. Under these circumstances the evidence adduced by the defendant in support of his challenges to the jurors should be given all the probative force and effect that the meaning of the testimony naturally and ordinarily affords to the mind without technical requirements or limitations. There is uncontroverted testimony that the people of one race and color are numerically in the majority in Duval county where the trial was had, and that about two-thirds of the men of that race are of fair character, sound judgment and intelligence, and *fully qualified for jury duty;* but that in the list of several hundred names drawn for duty, not more than half dozen, if any, names of men of that race are found; and also that colored men were drawn on the juries when N. B. Broward was sheriff, but it has been a long time since men of that race have served on the jury in the court. A portion of this testimony may be merely opinions or conclusions, but it was admitted without objection and was not impeached or contradicted in any way. If testimony that is not strictly admissible as distinguished from being illegal, is admitted without

objection, and it is not controverted in any way, the courts are not required to give such testimony a narrow or restrictive probative force and effect.

While the presumption is that the officers have legally discharged their duty in selecting and summoning the jurors under statutes that do not authorize any illegal discrimination, yet this is but a presumption that may be overcome by evidence to the contrary. There is uncontroverted testimony that the people of one race and color are largely in the majority of the population in the county where the court was held; that about two-thirds of the men of that race are fully qualified for jury duty; that a list of several hundred names of men selected for jury duty for the year does not contain the names of a half dozen, if any, men of that race; that men of that race have served on the jury in the past in the county; and that the people of that race are engaged in pursuits that should improve their intellectual and moral condition. As there has been no charge in the law that would exclude men of any race from jury duty, this evidence tended to show a discrimination on account of race or color; and such uncontroverted evidence is at least sufficient to require some proof that, notwithstanding the facts in evidence, there was no discrimination on account of race or color against any person of any race in the selection and summoning of the jurors. See Hubbard v. State, 43 Texas Crim. Rep. 564, 67 S. W. Rep. 413; Whitney v. State, 43 Tex. Crim. Rep. 197, 63 S. W. Rep. 879; Eastling v. State, 69 Ark. 189, 62 S. W. Rep. 584; State v. Murray, 47 La. Ann. 1424, 17 South. Rep. 832; Haggard v. Commonwealth, 78 Ky. 366; Lewis v. State, Miss.   , 45 South. Rep. 360.

As there was uncontroverted evidence tending to show discrimination against persons on account of race or color in the selection of jurors whose names were on

the panels, sufficient to overcome the presumption in favor of the legality of the acts of the officers, the challenges interposed should have been sustained. See Smith v. State, 42 Tex. Cr. Rep. 220, 58 S. W. Rep. 97; Kipper v. State, 42 Tex. Cr. Rep. 613, 62 S. W. Rep. 420; Whitney v. State, 42 Tex. Cr. Rep. 283, 59 S. W. Rep. 895.

The judgment is reversed and the cause is remanded for further proceedings according to law.

SHACKLEFORD, C. J. and COCKRELL, J., concur

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.