DAVID ANDERSON *v.* STATE OF MISSISSIPPI.

[45 South., 359.]

CRIMINAL LAW AND PROCEDURE. *Murder. Evidence. Circumstantial Evidence. Previous difficulty.*

It is reversible error on the trial of a murder case, dependent largely on circumstantial evidence, to allow testimony to be offered by the state touching the details of a previous difficulty between defendant and deceased, occurring two or more months before the homicide, in the absence of evidence of continued hostility thereafter, and the exclusion thereof by the trial court, after the state had rested its case, will not cure the error.

FROM the circuit court of Jefferson county.

HON. MOYSE H. WILKINSON, Judge.

Anderson, appellant, and another were jointly indicted for the murder of Samuel Libowitz. A severance being granted, appellant was tried, convicted, sentenced to suffer death and appealed to the supreme court.

The appellant, a negro, was convicted on circumstantial evidence, and admissions made by him shortly after the homicide; he did not testify in the case. Two witnesses for the state, Horace Payne and Henry King, over the objection of appellant, were permitted to testify touching the details of a previous difficulty between deceased and appellant, occurring two or three months before the killing, each, however, admitted that he did not know whether the appellant and deceased continued on bad terms from the time of the former difficulty to the date of the killing. After another witness had testified for the state and after the state had rested its case, but before

defendant offered any evidence, the trial court, on motion of appellant, ruled out the testimony of Payne and King.

*R. S. Dorsey, N. R. Allen,* and *R. L. Corbin,* for appellant.

The court below erred in not excluding the testimony of Payne and King, witnesses for the state, when the appellant first objected to their testifying as to a previous difficulty between appellant and deceased some two or three months before the homicide. It is only in exceptional cases that the evidence of a previous difficulty is admissible. All doubts in favor of the accused in murder trials should be resolved in favor of the accused. In *Daniel* v. *State,* 103 Ga., 202; 29 S. E. Rep., 767, it is stated that "repeated quarrels may be shown between the parties to establish the feelings of the parties; but one cannot go back to a remote period to prove a particular quarrel or grudge unless it be followed up by proof of a continuous difference following from such course." Now, in the case at bar, there was no proof of a continuing difficulty between the appellant and the deceased, but instead only a remote quarrel some months prior to the murder. The quarrel is nowhere connected with the killing. That evidence of a former difficulty is inadmissible, see *Hawthorn* v. *State,* 61 Miss., 749; *Guice* v. *State,* 60 Miss., 714; *Holly* v. *State,* 58 Miss., 864; *Foster* v. *State,* 70 Miss., 755; *Brown* v. *State,* 88 Miss., 166; *Daniel* v. *State,* 103 Ga., 202; *State* v. *Westfall,* 49 Ia., 328; Wigmore on Evidence, § 396; *Brown* v. *State,* 87 Miss., 800.

The fact that the jury were subsequently instructed by the trial court to disregard the incompetent testimony will not cure the error, and a new trial should have been granted. *Chism* v. *State,* 70 Miss., 742; *Taylor* v. *Adams,* 58 Mich., 187; *State* v. *Meader,* 54 Vt., 126. In this case, the evidence being circumstantial, the error of the trial court in allowing such incompetent evidence to go before the jury was far more prejudicial to appellant, race prejudice being considered, than

would be the case ordinarily. It is folly to say that this evidence did not have great weight upon the minds of the jury.

*George Butler,* assistant attorney-general, for the appellee.

It was not error in the court below to permit the state to show the feeling existing between the appellant and the deceased, and to show, further, that appellant had made threats against the life of the deceased. They were certainly material in furnishing a motive for the homicide. The proof was almost wholly circumstantial, based alone on circumstances and on appellant's admission. The details of the prior difficulty were not gone into by the state; what was shown being brought out by appellant himself. Anything tending to show motive for the crime, especially in cases depending on circumstantial evidence, is admissible in evidence.

Moreover, even if the action of the court was erroneous in allowing this evidence to go before the jury, the court subsequently removed the error by excluding the evidence from the jury.

Whitfield, C. J., delivered the opinion of the court.

It was fatal error not to have excluded the testimony of Horace Payne and Henry King when the objection was first made. Objection was duly made, and was overruled, when Horace Payne was under examination. This testimony put the entire details of a previous difficulty between the deceased and the defendant, some two or three months before the killing, before the jury. Without going particularly into these details, it is sufficient to say that they were such as manifestly to prejudice the defendant in the eyes of the jury very seriously — so seriously, indeed, that we cannot say, with any confidence, that the verdict of the jury might not have been different if this testimony had been excluded. It was of the most damaging character, and the error in not excluding it was not cured by subsequently sustaining the motion of the defendant to

shut it out.    We think the case falls on this proposition squarely within the principles announced in the case of *Chism* v. *State,* 70 Miss., 742; 12 South., 852.    In a case almost wholly circumstantial, the error is all the more marked.

*Reversed and remanded.*