BEEKS *v.* WALKER.*

(Division B. Feb. 28, 1927.)

[111· So. 567. No. 26055.]

1. BASTARDS. *Declaration in bastardy proceeding need not set out date child was begotten (Hemingway's Code, sections 217-232).*
   Declaration in bastardy proceeding, under Code 1906, sections 268-283 (Hemingway's Code, sections 217-232), need not set out date child was begotten; vital thing being date of birth of child, which should be set out.

2. BASTARDS. *Admitting evidence that child was begotten on different date than charged held erroneous (Hemingway's Code, sections 217-232).*
   Where declaration in bastardy proceeding, under Code 1906, sections 268-283 (Hemingway's Code, sections 217-232), alleged date child was begotten, defendant had right to rely on case as made, although such allegation was immaterial, and admission of evidence relative to different date *held* erroneous.

3. BASTARDS. *Midwife's testimony of statements of mother that defendant was father of bastard child held incompetent in bastardy proceeding (Hemingway's Code, section 225).*
   Testimony of midwife, attending at birth of bastard child, of statements of mother that defendant was child's father, *held* inadmissible in bastardy proceeding, under Code 1906, sections 268-283 (Hemingway's Code, sections 217-232), since Code 1906, section 276 (Hemingway's Code, section 225), authorizing declarations of mother, who had died, is inapplicable.

4. BASTARDS. *Admitting incompetent testimony of midwife as to mother's statements that defendant was father of bastard child held reversible error under circumstances (Hemingway's Code, sections 217-232).*
   Where evidence in bastardy proceeding under Code 1906, sections 268-283 (Hemingway's Code, sections 217-232) is conflicting as to whether defendant was father of child, admission of midwife's testimony of mother's statements at child's birth that defendant was its father, although afterwards ruled out by court, *held* reversible error.

5. BASTARDS. *Testimony that mother of bastard child told witness defendant was at her home at certain time held hearsay and erroneously admitted (Hemingway's Code, sections 217-232).*

In bastardy proceeding, under Code 1906, sections 268-283 (Hemingway's Code, sections 217-232) testimony that 'mother of bastard child had stated to witness that defendant was at her home at certain time, being purely hearsay, *held* erroneously admitted.

---

*Corpus Juris-Cyc. References: Bastard, 7CJ, p. 986, n. 24; p. 989, n. 75; p. 1010, n. 96. As to admissibility of declarations of mother as to paternity of child, see 3 R. C. L. 762; 6 R. C. L. Supp. 197.

APPEAL from circuit court of Monroe county.

HON. C. P. LONG, Judge.

Action by Irene Walker against James Beeks. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 110 So. 871.

*Leftwich & Tubb,* for appellant.

*Mitchell & Mitchell,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee instituted this action against appellant under the bastardy statute, sections 268 and 283 inclusive, Code of 1906 (sections 217 to 232 inclusive, Hemingway's Code). The statute was followed. The action was begun in the court of a justice of the peace, and, later, proceeded with in the circuit court. Appellee recovered a judgment against appellant in the sum of five dollars per month for eighteen years. From that judgment appellant prosecutes this appeal.

In her declaration appellee alleged that she was delivered of a bastard child on the 28th day of July, 1925, which was begotten by appellant on the fourth Sunday in October, 1924. The court permitted appellee to testify, over appellant's objection, that the child was be-

gotten either on the fourth Sunday in October, 1924, or the first Sunday in November of that year. Appellant contends that this was error, because he had prepared his defense to meet the allegations of the declaration. Appellant undertook to prove, and there was evidence tending to sustain his position, that he and appellee were not together on the fourth Sunday in October, and therefore the child could not have been begotten at that time. Appellant's evidence was very largely addressed to the proposition that on that date he was elsewhere than at the place where appellee testified the child was begotten. No application was made by appellee to the court to amend her declaration so as to charge that the child was begotten either on the fourth Sunday in October, or the first Sunday in November, 1924. It was not necessary that appellee set out in her declaration the date on which the child was begotten, because of the common knowledge of the varying time which elapses between conception and birth. The vital thing in a case of this character is the date of the birth of the child; that should be set out in the declaration, and was set out in appellee's declaration in this case. It is not every immaterial fact, however, that is surplusage in a declaration. The case may be such that a fact otherwise immaterial is made material by allegation. The purpose of a declaration by plaintiff is to inform the defendant of the nature and character of the cause he is to defend. In this case the declaration informed appellant that he was to meet a charge of begetting a bastard child born on the 28th day of July, 1925, and begotten on the fourth Sunday in October, 1924. We think appellant had the right to rely on the case made by appellee's declaration. The trial court therefore erred in permitting, over appellant's objection, testimony that the child was begotten either on the fourth Sunday in October, or the first Sunday in November, 1924.

Over appellant's objection, the midwife who attended appellee during the birth of her child was permitted to

testify that on the day after the child was born appellee stated to her that appellant was the father of the child.    After this testimony was admitted, the witness having fully testified, on direct and cross-examination, to appellee's declaration as to who was the father of the child, the court ruled out the testimony.    This testimony was clearly incompetent.    Section 276, Code of 1906 (section 225, Hemingway's Code), provides that in all bastardy proceedings where the mother has died, her declarations in her travail, proved to be her dying declarations, may, on the trial of the case, be received in evidence.    It was held in *Johnson* v. *Walker,* 86 Miss. 757, 39 So. 49, 1 L. R. A. (N. S.) 470, 109 Am. St. Rep. 733, that the object of the statute was to extend the doctrine as to dying declarations to such declarations of the mother in bastardy proceedings, and to place beyond controversy their admissibility, not merely as corroborative, but as original and substantive evidence.    The evidence against appellant cannot be said to be overwhelming, although it was amply sufficient to sustain the verdict of the jury.    There was a square conflict in the evidence on the issue whether appellant was the father of the child. In such a case, the admission of the testimony of the midwife to the effect that appellee stated, the day after the birth of the child, that appellant was its father, was calculated to have great weight with the jury.    Usually when incompetent evidence is admitted and afterwards ruled out by the court the error is harmless.    However, that is not always true, and we think this is a case of that character.    This court has held that the admission of incompetent testimony, although afterwards ruled out by the court, if calculated to prejudice the rights of the party against whom it is admitted, is reversible error. *Chism* v. *State,* 70 Miss. 742, 12 So. 852; *Davis* v. *State,* 85 Miss. 416, 37 So. 1019; *Anderson* v. *State,* 91 Miss. 407, 45 So. 360.

The witness Ida Shannon was permitted to testify on behalf of appellee, over appellant's objection, that on

Sunday, some time in the fall of 1922, she saw appellee standing in the door of her home, but did not see appellant there; that she there had a conversation with appellee in which she asked appellee who was in the home with her, to which question appellee replied that appellant was there. The witness testified that she neither saw appellant nor heard him speak, and therefore she did not know whether he was in appellee's home at the time referred to or not. Appellee testified that appellant was present in her home at the time referred to. Therefore the testimony of the witness, Ida Shannon, was strongly corroborative of that of appellee as to the presence of appellant. It was error to admit the testimony of this witness as to what appellee said with reference to the presence in her home of the appellant. It was purely hearsay testimony. The time fixed by the witness was somewhere about the time appellee's child was begotten. The idea sought to be conveyed by the testimony was that appellant was then in the home of the appellee, and therefore had an opportunity at that time of having sexual intercourse with her. We do not mean to convey the idea that this error of the court would be sufficient to reverse the case; but we are of opinion that, taken in connection with the other errors referred to, it entitles appellant to a new trial.

We do not notice the other alleged errors assigned and argued, because if they were errors they are such as will not probably occur on another trial.

*Reversed and remanded.*