ARTHUR FARROW v. STATE OF MISSISSIPPI.

[45 Miss., 619.]

CRIMINAL LAW AND PROCEDURE. *Juries. Selection. Civil rights. Negroes. Indictment.*

Where on a motion to quash an indictment against a negro the state admitted that qualified negroes were purposely excluded from the jury list because of their color it was flagrant error to overrule their motion.

FROM the circuit court of Tate county.

HON. JAMES B. BOOTHE, Judge.

Farrow, appellant, a negro, was jointly indicted with another negro for the murder of a white man. Appellant was tried separately, convicted, sentenced to suffer death, and appealed to the supreme court.

The opinion of the court states the facts.

*Phil A. Rush,* for appellant.

It is the common knowledge of all persons who live under a republican form of government that the rights guaranteed by the thirteenth, fourteenth and fifteenth amendments to the United States Constitution are inter-dependent. No person can have his personal liberty under the first of these without his civil liberty and rights under the second, and no person can have his civil rights under the second so long as he, and his class of people, those in sympathy with him and conditioned as he is, are debarred from all participation in the administration of the law. Without extending this line of reasoning, it must follow that where a county board of supervisors, in selecting a list of persons qualified for jury service, knowingly and in accordance with a well established practice, and for the purpose of depriving negro citizens of participating in

the administration of justice, and intentionally, keep off the names of negroes from such list, an indictment returned by a grand jury drawn from such jury list should be quashed. Such action has the necessary effect of denying to a negro defendant, such as was the appellant, the " equal protection of the law."

It is not contended that a negro or negroes should have been upon the grand jury. The contention for the appellant is that negroes should not purposely have been excluded from the grand jury list in order that there should be white men alone upon the grand jury. The omission to list any names of negroes for jury service was not done accidentally, but wittingly, in accordance with and in furtherance of a long established custom.

*George Butler,* assistant attorney-general, for appellee.

The facts stated in the motion to quash the indictment are doubtless sufficient to present the federal question, but the burden of proving the facts set up in the motion rested upon appellant, and should have been sustained by distinct evidence. *Smith* v. *Mississippi,* 162 U. S., 592; 40 L. Ed., 1082; *Farrance* v. *Florida,* 188 U. S., 520; 48 L. Ed., 372; *Martin* v. *Texas* (U. S.), 50 L. Ed., 479.

In this case there was no evidence offered by appellant in behalf of the motion to quash the indictment. It will not do to say that the alleged facts set forth in the motion were admitted as true by the district attorney.

The order of the trial court on the two motions of the appellant, viz., the motion to quash the indictment and the motion to quash the special venire, shows conclusively that the district attorney admitted only the truth of the alleged facts set forth in the motion to quash the venire, and for that reason the motion to quash the venire was sustained. And while it does not affirmatively appear that no testimony was offered in support of the motion to quash the indictment, neither does it

appear that any testimony was offered, and, under every rule of law, this court must presume that the trial court acted correctly. *Smith* v. *Mississippi, supra.*

WHITFIELD, C. J., delivered the opinion of the court.

There was a motion made in this case to quash the indictment, and also a motion to quash the special venire. These motions are based upon identically the same grounds, and those grounds are as set out in the record: " The persons who are drawn on said special venire are all of the white or Caucasian race. The defendant is a negro, and a citizen of the United States. The deceased was a white man. There were not in the boxes from which the names of said venire were drawn the names of any negroes. The board of supervisors of Tate county, Mississippi, in selecting a list of persons competent and qualified for jury service, from which lists the jury boxes of the county were filled last prior to the drawing of the names of said special venire, and from which the names of the said special venire were drawn, failed and refused to select and list the names of any negroes whatever, although there were then, and are now, on the registration books of voters in said Tate county negroes of good intelligence, sound judgment, and fair character, competent and qualified for jury service under the laws of the state. No names of negroes have been placed in the jury boxes, and no negroes have served on the juries, in Tate county for years. The omission to list any names of negroes for jury service was not done accidentally, but was done wittingly, in accordance with and in furtherance of a well-established idea, custom, and practice of that sort, for the express purpose of depriving the negro citizen of participation in the administration of the laws altogether. The contemplated trial of defendant by jury selected from said special venire would not be a trial by an impartial jury. It would deprive him of his liberty, and perhaps his life, without due process of law, and it would deny to him the

equal protection of the laws, that protection which it accords to its white citizens, in all of which respects defendant's right under § 4, art. 4, of the Constitution of the United States, and under § § 5, 6, and 14 amendatory of the Constitution of the United States of America would be violated."

The record contains the following recital: . " The facts set out in the two foregoing motions to quash the indictment and special venire being admitted by the district attorney to be true as set forth, there was no proof taken in support thereof." The court, strangely enough, sustained one motion, that to quash the special venire, and overrued the other, that to quash the indictment. It is certainly not necessary to do more than read the grounds set out above in order to show the fatal error committed by the court in not sustaining the motion to quash the indictment. This is a far stronger case for the appellee than was the case of *Lewis* v. *State, Ante* ——, s.o., 45 South., 360.

*The judgment is reversed, and the cause remanded.*