GEORGE A. GORDON, ALIAS GEORGE "Doc" SMITH *v.* STATE

No. 42297          April 23, 1962          140 So. 2d 88

*Douglas C. Stone, Shields Sims,* Columbus, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

JONES, J.

Upon this record, to affirm this case would be a vain and futile thing. The Supreme Court of the United States has so said in no uncertain terms.

Defendant was convicted of rape and sentenced to death. He is a negro. The victim was white.

The only assignment of error presented to us is the overruling by the lower court of a motion to quash the indictment and the special panel because of an alleged systematic discrimination against negroes.

Proof was taken and it was shown by men who had lived in the county for over 60 and 70 years and occupied official positions that, within their memory, no negroes had ever served upon the juries of Lowndes County, and it was not known of one having been summoned to serve.

It was shown that there were negro qualified electors in the county and that in recent years "some" names of negroes had been put in the box where they might be drawn as jurors. However, for the year 1961, being the year in which this crime occurred and in which the defendant was indicted and tried, there were no names of negroes in the jury box.

In the case of Patton v. State, a similar situation existed—in fact, this Court cannot distinguish between the essential facts in the two cases. When the Patton case came to this Court it was affirmed in an opinion by Judge Griffith, 201 Miss. 410, 29 So. 2d 96. Judge Griffith reasoned that the evidence failed to show any systematic and wilful exclusion.

The Supreme Court of the United States reversed this Court and said: "When a jury selection plan, whatever it is, operates in such way as always to result in the complete and long-continued exclusion of any representative at all from a large group of negroes, or any other racial group, indictments and verdicts returned against them by juries thus selected cannot stand."

██ ▌ We are compelled by the decision of the United States Supreme Court in the Patton case to hold that the lower court erred in overruling the motions to quash and the case is therefore reversed and remanded.

Reversed and remanded.

All Justices concur.