Hopkins *v.* State

No. 43777 January 24, 1966 182 So. 2d 236

*John H. Shands,* Vaiden; *Rupert Ringold,* Winona, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

BRADY, TOM P., J.

Appellant was indicted, tried and convicted of the crime of grand larceny and sentenced to serve five years in the state penitentiary by the Circuit Court of Montgomery County, Mississippi. From this conviction and sentence, appellant prosecutes this appeal.

The facts upon which the indictment was based and the verdict rendered are not in issue. The sole question presented to this Court is embodied in the single assignment of error, which is as follows:

The Trial Court erred in failing to sustain appellant's motions to quash the indictment and to quash the venire, on the grounds that Negroes were systematically excluded from the grand jury which indicted him, and Negroes were systematically excluded from the venire which petit jurors were drawn, all in violation of the due process and equal protection clause of the Fourteenth Amendments (sic) to the United States Constitution.

Whether or not the assignment of error is well taken depends upon whether or not the appellant's proof is sufficient to establish a prima facie case that Negroes were systematically excluded from the grand jury which indicted him and from the venire from which petit jurors were drawn who convicted him. We have meticulously reviewed the testimony and evidence in this case and we have carefully considered the motions and briefs of counsel. The record discloses that the appellant proved

by sufficient and reputable testimony that there were no names of any Negroes in the jury box.

The circuit clerk, who is also the county registrar, testified that she had been circuit clerk since the beginning of 1950; that she was present when the venire was drawn; that there were no Negroes drawn on the venire for the term of court at which the appellant was tried and convicted.

It follows, therefore, that there were no Negroes on the grand jury or the petit jury which respectively indicted and convicted the appellant.

The record further discloses that there have never been any Negroes drawn for jury service in the Circuit Court of Montgomery County for more than sixteen years and that possibly there are thirty Negroes who are registered in the county. The State urges, without authority cited in support thereof, that since the circuit clerk did not personally know the names of all those selected for jury service, and since there was no indication of the race of any person whose name was drawn for jury service, except those persons whom the clerk knew personally, that the clerk could not tell the race of the persons whose names were in the jury box, and thus appellant had failed to establish by his proof that Negroes were and had been systematically excluded from jury service.

There is no merit in the contention of the State that appellant did not establish a prima facie case of the exclusion of Negroes from jury service in Montgomery County. The State moreover did not even attempt to meet the burden of proof and show by credible testimony and evidence that there was not a systematic exclusion of Negroes from the venire from which the grand jurors and petit jurors were drawn.

 Numerous decisions of federal courts have conclusively settled this question in issue. The Congress has enacted the Civil Rights Act of 1964. These determi-

nants have been thoroughly and repetitiously publicized by news media of every type and are generally known. Furthermore, this Court has heretofore stated the rule with reference to the question in the case at bar, as shown by the following cases: Harper v. State, 251 Miss. 699, 171 So. 2d 129 (1965); Gordon v. State, 160 So. 2d 73 (Miss. 1964); Gordon v. State, 243 Miss. 750, 140 So. 2d 88 (1962); Farrow v. State, 91 Miss. 509, 45 So. 619 (1907). Currently the rule is inexorable, and wise men will take note and be governed accordingly.

It follows, therefore, that the lower court committed fatal error in not sustaining appellant's motion to quash the indictment and to quash the venire because of the systematic exclusion of Negroes therefrom.

This cause is therefore reversed and remanded.

Reversed and remanded.

*Ethridge, C. J., and Rodgers, Smith and Robertson, JJ.,* concur.