199 So.2d 625 (1967)
Thomas Earl FONDREN
v.
STATE of Mississippi.
No. 44430.
Supreme Court of Mississippi.
June 5, 1967.
*626 R. Jess Brown, Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice.
This is an appeal from the denial by the Lafayette County Circuit Court of a petition for writ of error coram nobis filed pursuant to this Court's order granting petitioner's application for leave to file.
Thomas Earl Fondren, a Negro minor, was tried and convicted on a charge of burglary with intent to rape. His conviction was affirmed on appeal. See 253 Miss. 241, 175 So.2d 628 (1965). At his trial Fondren was represented by counsel employed by his foster parents. Counsel did not raise the issue of systematic exclusion of Negroes from the grand jury which indicted him nor the petit jury which convicted him. After affirmance of Fondren's conviction on appeal, his new counsel petitioned this Court for leave to file a petition for writ of error coram nobis. Leave to file was granted. See 187 So.2d 327 (Miss. 1966). After a hearing in Lafayette County Circuit Court in vacation, the trial judge denied the petition on the ground appellant had failed to sustain allegations of his petition. This is an appeal from that denial.
Assigned as error was the trial judge's denial of the petition for writ of error coram nobis in that (1) appellant established a prima facie case that members of his race had been systematically excluded from jury service at the time of his burglary indictment, trial and conviction, and for at least ten years prior thereto, and that appellee made no effort to rebut that case; and (2) that there was no waiver of appellant's right to raise the question of systematic exclusion of Negroes, because his attorney at the criminal trial did not raise the question and did not discuss the matter with appellant, who as a minor could not in fact waive the right to raise the question of systematic exclusion.
The state concedes that there was no waiver of appellant's right to object, since the proof shows that he was not advised of his rights by prior counsel. It should be noted that this question should not arise in future cases provided the trial judge takes the precaution to ascertain at the time of defendant's arraignment whether the defendant is aware of his constitutional right to object to the composition of the grand jury that indicted him and the trial jury that is to try him. Of course the record should fully reflect the action of the trial court in this regard.
The state admitted the following allegations set out in appellant's petition: That the population in Lafayette County in 1960 numbered 11,303 persons 21 years of age and over; that of this number 8,074 were white and 3,239 were nonwhite; that of those eligible (21 and over), 4,000 whites were registered and qualified electors and 450 Negroes were registered as qualified electors; that at the time of the trial of appellant, 125 eligible Negroes were registered as qualified voters; that appellant's *627 petit jury was drawn from a list of 217 names of which a minimum of 5 and a maximum of 9 were Negroes; that of 47 veniremen selected as a panel of jurors from which the grand and petit juries were selected, none was a Negro.
The proof further shows that no Negroes had served on the grand or petit juries for ten years preceding the date of appellant's trial.
Under Harper v. State, 251 Miss. 699, 171 So.2d 129 (1965), "[l]ong continued omission of Negroes from jury service establishes a prima facie case of systematic discrimination. The burden is then upon the State to refute it." See also Hopkins v. State, 254 Miss. 484, 182 So.2d 236 (1966), and Gordon v. Breazeale, 246 F. Supp. 2 (N.D.Miss. 1965).
The state made no effort to rebut the prima facie case established by appellant, nor did it attempt to prove that there was not a systematic exclusion of Negroes from the venire from which the grand jurors and the petit jurors that indicted and tried appellant were drawn.
The time has long since passed that this Court should be confronted with a case where a defendant can successfully rely on long-continued omission of Negroes from jury service to establish a prima facie case of discrimination. We have heretofore pointed out that county officials must see to it that jurors are in fact and in good faith selected without regard to race. We said in Hopkins v. State, "Currently the rule is inexorable, and wise men will take note and be governed accordingly." 254 Miss. at 487, 182 So.2d at 237.
If the county officials will comply with the law, the state should have no difficulty in rebutting any presumption which might arise in those counties where no Negroes have been called for jury service in the past. Many of the difficulties that county officials were confronted with in complying with constitutional requirements relative to selection of jurors no longer exist, and if our criminal laws are to be administered effectively and without undue expense to our citizens, public officials must "hew to the line" and overcome any past history of discrimination in the selection of jurors. When this is done and other constitutional requirements are complied with, our criminal laws can again be administered without undue delay, expense and interference.
Under the facts of this case we must reverse the order of the trial court and enter a judgment here granting the writ of error coram nobis setting aside the conviction of appellant and quashing the indictment. Appellant will be held under his bail bond to await the action of the grand jury at the next term of the Circuit Court of Lafayette County.
Reversed and judgment here for appellant.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.
ETHRIDGE, C.J., took no part.